No. 14,948.

NICHOLS, SHEPARD & COMPANY v. BURCH ET AL.

CHATTEL MORTGAGE.—*Fraud in Making Sale.*—*Liability of Mortgagor for Value of Property.*—*Release of Sureties.*—If the mortgagee of a chattel mortgage sell the property mortgaged under a power authorizing the sale, becoming the purchaser of it himself at an amount far below the value of the mortgaged property, but fails to give the requisite notice of the sale, and by misstatements and falsehoods prevents a fair competition at such sale, thereby being able to secure it at a price far below its value, the sale is merely a colorable one, wholly insufficient to bar the mortgagor's equity of redemption. The mortgagee will be held to account to the mortgagor or his sureties for the fair value of such property at the time of its appropriation; and if its value exceeded the debt, the debt is paid and the sureties released.

PRINCIPAL AND SURETY.— *Waste of Collateral Securities.*—*Release of Surety.* —If the payee of a debt hold any securities or collaterals to secure the payment of the debt, the surety has the right to insist upon their application to the payment of the debt; and if he waste them, the surety, to the extent of their value, is released.

Nichols, Shepard & Company v. Burch *et al.*

FRAUDULENT CONVEYANCE.—*Prior Contract.*—*Consideration Love and Affection.*—*Conveyance After Debt Created.*—A conveyance of real estate, in pursuance of a previously made contract, for natural love and affection, executed without a fraudulent intent after a debt is created, and which debt the debtor supposes is adequately secured by mortgage, is valid.

DEED.—*Parol Evidence to Show Consideration.*—Where the consideration of a deed is stated in general terms, as for love and affection, the true consideration may be shown by parol evidence in an action to set aside the conveyance as fraudulent.

From the Greene Circuit Court.

*H. C. Shaw, A. G. Cavins, E. H. Cavins* and *W. L. Cavins,* for appellant.

*W. M. Moffett* and *C. E. Davis,* for appellees.

MILLER, J.—This was an action on notes, and to set aside conveyances of real estate alleged to have been executed in fraud of creditors.

The cause was tried by the court, and resulted in a finding and judgment for the plaintiff on the notes, and for the defendants on that portion of the complaint asking to have the deeds set aside as fraudulent.

The complaint discloses the fact that on the 25th day of August, 1884, the appellees, Charles T. A. Burch and Fuel Burch, Jr., as principals, and the defendants Leonard G. Sparks and Fuel Burch, Sr., as sureties, executed to the appellant three several promissory notes aggregating the sum of $1,700, as purchase-money for a certain engine and thresher sold to the principals in the notes; that on the 10th day of November, 1886, Fuel Burch, Sr., conveyed his real estate to the defendants, Elizabeth Burch, Chrystyan Burch, and John S. Burch, for the consideration of love and affection, with intent to cheat and defraud his creditors, and for no actual valuable consideration whatever; that on the 7th day of March, 1887, said Leonard G. Sparks conveyed his real estate to the defendant, Nancy Sparks, in fraud of his creditors, for a colorable consideration of $800, but for no actual consideration whatever.

The defendant, Elizabeth Burch, died, and, as to her, the action abated.

The defendants united in a general denial.

Charles T. A. Burch, Fuel Burch, Sr., and Leonard G. Sparks answered by way of set-off.

Fuel Burch, Sr., and Leonard G. Sparks answered jointly to so much of the complaint as asked a personal judgment against them as makers of the notes, in substance, as follows:

That they signed the notes as sureties, and not otherwise, for Charles T. A. Burch and Fuel Burch; that at the time the notes were executed their principals secured their payment by executing a mortgage on a certain steam engine and separator of the value of $1,700 at the time, and of the value of $1,500 when the notes became due; that at the maturity of the notes the plaintiff took possession of the mortgaged property, but failed to foreclose the mortgage, and failed and neglected to sell the property to the best advantage, and made no effort to realize anything like the value of the property, which, it is charged, was at the time of much greater value than the amount due on the notes; that the plaintiff, fraudulently and with intent to sacrifice the property, and get possession and title to the same for a merely nominal sum, made and held a pretended sale thereof under the mortgage, but gave no notice of the sale in any manner, and falsely and fraudulently represented to certain citizens of the county who had heard of the sale, and expected to become bidders on the property, that it was of the value of $700 and no more, and that the plaintiff expected to bid that amount for the property; that, by their representations, expectant bidders were prevented from attending the sale and bidding on the property; that at the sale the plaintiff was the only bidder and purchased the property at the nominal sum of $150; that by such fraudulent conduct they destroyed the defendants' rights of subrogation under the mortgage, and lost its value to them as an indemnity.

Wherefore they claim that they are released from liability on the notes.

A demurrer was overruled to this paragraph of answer, and this is assigned as error.

The mortgage referred to is not exhibited with the answer, and we are not informed what provisions, if any, were made for the sale of the property upon condition broken.

Assuming, as against the pleader, that the mortgage authorized the sale of the property at private or public sale, and the application of the proceeds upon the mortgage debt, we could not sustain the sale under the circumstances disclosed in this pleading; coupling the grossly inadequate sum realized at the sale, with the want of notice, and the affirmative acts charged against the plaintiff of preventing competition at the sale, we can come to no other conclusion than that the sale was a merely colorable one, wholly insufficient to bar the mortgagors' equity of redemption.

In the case of *Lee* v. *Fox*, 113 Ind. 98, which was a case where the sale was under a power contained in the mortgage, the court says: " The most that could be held in case the mortgagee became a purchaser at his own sale, made under a power, would be to cast upon him the burden of showing that the sale was fairly and openly made, in strict compliance with the power, and that the price paid was not so clearly and grossly disproportioned to the value of the property as to raise a presumption of fraud or bad faith." In the same case the court cites, with approval, from the case of *Davenport* v. *McChesney*, 86 N. Y. 242, a statement to the effect that where the sale was invalid, the mortgagor might disregard the sale and proceed for the value of the property over and above the debt and interest. The court also held that if the price paid at the sale was grossly inadequate, and the sale a merely colorable one, the mortgagee could be held to account for its fair value at the time of its appropriation. In this case the value of the property at the time of its ap-

propriation is charged to be greater than the amount of the debt at that time.

The sureties, while not parties to the mortgage, were interested in the debt thereby secured, and had a right to expect and insist upon the utmost good faith in the dealings between the creditor and the principals in the notes; they also had the right to insist that the creditor should not waste or unlawfully appropriate to his own use any securities or collaterals held by him to secure the payment of the debt, and in case of a disregard of this duty by the creditor, the surety is discharged to the extent of the value of the securities so wasted or appropriated. Brandt Suretyship, sections 261, 384; *Sterne* v. *McKinney*, 79 Ind. 578; *Sterne* v. *Bank of Vincennes*, 79 Ind. 549; *Crim* v. *Fleming*, 101 Ind. 154; *Moorman* v. *Hudson*, 125 Ind. 504.

The court did not err in overruling the demurrer to this paragraph of answer.

Objection is also made to the overruling of a demurrer to the separate answer of John S. Burch and Chrystyan Burch.

This answer is to so much of the complaint as seeks to set aside the conveyances to them as in fraud of creditors. The substance of this answer is that in the year 1880, before the execution of the notes in suit, and at a time when he was not in debt, Fuel Burch, Sr., entered into a verbal agreement with the defendants John S. Burch, and Fuel Burch, Jr., who is the husband of Chrystyan Burch, whereby in consideration of the support of the grantor and his wife, the real estate described in the complaint should be conveyed to them; that afterwards it was agreed that the portion of the land to be conveyed to Fuel Burch, Jr., should be conveyed to Chrystyan, his wife; that, in pursuance of this agreement, John S. Burch and Fuel Burch, Jr., at once began to, and ever since had continued to perform their part of the contract by supporting the grantor, in accordance with the terms of the contract; that in the year 1880 a written contract was drawn expressing this agreement, but not being in a satisfactory

form was never delivered; that the conveyance mentioned was executed in pursuance of this agreement, without any fraudulent intent, and at a time when the defendants supposed that the notes mentioned in the complaint were amply secured by a chattel mortgage on the engine and separator, in purchase of which they were executed.

This answer avers that there was a valid consideration for the conveyance, that it was made in accordance with an agreement made long prior to the creation of the debt mentioned in the complaint, which agreement had been partly performed, and alleges that the conveyance was executed without any fraudulent intent, and at a time when it was supposed that payment of the notes sued on was amply secured by a chattel mortgage.

The demurrer admits all these averments to be true; and, if they are true, the conveyance could not have been fraudulent. *Hays* v. *Montgomery*, 118 Ind. 91 ; *Willis* v. *Thompson*, 93 Ind. 62 ; *Sedgwick* v. *Tucker*, 90 Ind. 271 ; *Brown* v. *Rawlings*, 72 Ind. 505.

It follows that the demurrer to this paragraph of answer was properly overruled.

The overruling of a motion for a new trial is assigned as error.

The deed from Fuel Burch, Sr., the validity of which is in controversy, states the consideration for the execution of the same as " natural love and affection."

The plaintiff objected to the introduction of evidence tending to show the agreement set forth in the answer of John S. Burch and Chrystyan Burch, assigning as objection to the admissibility of the evidence that oral evidence could not be received to contradict the recital in the deed that its consideration was natural love and affection.

Whatever may be the weight of authority in other States, the rule is now well established in this State that where the consideration is stated in general terms, evidence will be re-

Nichols, Shepard & Company *v.* Burch *et al.*

ceived to show the true consideration. *Hays* v. *Peck*, 107 Ind. 389.

In *Levering* v. *Shockey*, 100 Ind. 558, it was held that either party might show the true consideration for any purpose, except to defeat the operation of the conveyance as a valid and effective gift, although it might be entirely different from that expressed in the deed.

In *Kenney* v. *Phillipy*, 91 Ind. 511, parol evidence was received to show that the consideration of a deed, recited to be one dollar, was, in fact, natural love and affection.

The court did not err in ruling upon the questions concerning the admission of evidence.

We can not disturb the finding of the court in favor of the validity of the conveyance upon the ground that it was not sustained by sufficient evidence. Independent of the testimony introduced tending to sustain the good faith of the conveyances, there was evidence given from which the court might have concluded that, after deducting the value of the interests of the wives of Fuel Burch, Sr., and of Leonard Sparks, and other liens, there was nothing in excess of the amount allowed by law as exempt from execution, and consequently there could be no injury to the creditors. *Blair* v. *Smith*, 114 Ind. 114, and cases cited.

The amount due upon the notes, principal, interest and attorney's fees, at the time of the trial, was $1,496.43. The court deducted from this amount the sum of $500, and gave judgment for the remainder.

We think it evident, from the record, that the deduction was made on the ground of irregularity in the sale and value of the mortgaged property, in excess of the amount it realized at the sale. The evidence shows, without dispute, that the value of the mortgaged property was greatly in excess of the amount it realized at the sale. The plaintiff having sold the property under the power contained in the mortgage, without the assistance of a court of chancery, and having purchased the property at his own sale, the burden rests upon him to

show that the sale was in strict compliance with the power, and at a price not grossly disproportioned to the value of the property. *Lee* v. *Fox, supra.*

This we hold, with some hesitation, the plaintiff has not done.

We find no error in the record.

Judgment affirmed.

Filed May 23, 1891.