[No. 13550.   Department One. — February 4, 1892.]

E. M. GRIMMER, RESPONDENT, *v.* M. L. CARLTON, APPELLANT.

DEED FROM AGED MOTHER TO DAUGHTER — CONSIDERATION — PERSONAL CARE — SPECIFIC PERFORMANCE — CANCELLATION. — The validity of a deed from an aged mother to her daughter, in consideration of the daughter's verbal agreement to support and give personal care and attention to the mother during the remainder of her life, depends upon the power to enforce a specific performance of the daughter's mutual and dependent contract, and as that cannot be specifically enforced, the deed will be canceled at the suit of the mother, as without consideration.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion.

*W. H. L. Barnes*, and *W. H. Layson*, for Appellant.

An oral promise to support and maintain the grantor for life is not within the statute of frauds, because the service may be performed within a year. (*Hutchinson* v. *Hutchinson*, 46 Me. 157; *Tyler* v. *Carlton*, 7 Me. 175; 20 Am. Dec. 357; *Gardner* v. *Lightfoot*, 71 Iowa, 580; *Dubuque County* v. *Reynolds*, 41 Iowa, 457; *Johnson* v. *Johnson*, 52 Iowa, 586; *Drake* v. *Painter*, 77 Iowa, 731; *Aultman* v. *Booth*, 95 Mo. 383; *Leedy* v. *Crumbaker*, 13 Ind. 523; *Watson* v. *Smith*, 7 Or. 448; *Campbell* v. *Campbell*, 75 Mich. 53; *Muenks* v. *Bunch*, 90 Mo. 500; *Ellicot* v. *Peterson's Ex'rs*, 4 Md. 489, 490; *Peters* v. *Westborough*, 19 Pick. 364; 31 Am. Dec. 142; *Cole* v. *Singerly*, 60 Md. 353.) The acceptance of the deed on the condition of the defendant's promise to support and maintain the grantor binds the grantee to perform those conditions. Want of mutuality is no defense or ground for annulling a contract. (*Cavanaugh* v. *Casselman*, 88 Cal. 543; *Dutch* v. *Mead*, 36 N. Y. Sup. Ct. 427; *Brandon Mfg. Co.* v. *Morse*, 48 Vt. 322; *Grove* v. *Hodges*, 55 Pa. St. 504; *Worrall* v. *Munn*, 5 N. Y. 246; 55 Am. Dec. 330; *Justice* v. *Lang*, 42 N. Y. 493; 1 Am. Rep. 576; *McDonald* v. *Huff*, 77 Cal. 280–282; *Lowber* v. *Connit*, 36 Wis. 183.) Other consideration

than that mentioned in the deed may be shown to uphold the conveyance. (*Young* v. *Young*, 27 S. C. 202; *Hays* v. *Peck*, 107 Ind. 389; *Watson* v. *Smith*, 7 Or. 448; *Levering* v. *Shockey*, 100 Ind. 560; *Tyler* v. *Carlton*, 7 Me. 175; 20 Am. Dec. 357; *Gardner* v. *Lightfoot*, 71 Iowa, 580; *Spalding* v. *Hallenbeck*, 30 Barb. 292; *Campbell* v. *Campbell*, 75 Mich. 53; *Hendrick* v. *Crowley*, 31 Cal. 471; *Sedgwick* v. *Tucker*, 90 Ind. 281; *Worley* v. *Sipe*, 111 Ind. 239.) Relationship is a good consideration, and will uphold a conveyance. (*Beith* v. *Beith*, 76 Iowa, 601; *Mercer* v. *Mercer*, 29 Iowa, 559.) A deed from a parent to a child will be regarded with favor. (*Saufley* v. *Jackson*, 16 Tex. 581, 584; *Millican* v. *Millican*, 24 Tex. 446, 449; 1 Story's Eq. Jur., 12th ed., sec. 309.) The conveyance was not voluntary. It was supported by a valuable consideration. (*Shontz* v. *Brown*, 27 Pa. St. 123, 129; *Exum* v. *Canty*, 34 Miss. 568; *Henderson* v. *Hunton*, 26 Gratt. 926.) The decisions on this point are almost uniform. (Devlin on Deeds, sec. 807; *Gardner* v. *Lightfoot*, 71 Iowa, 580; *Campbell* v. *Campbell*, 75 Mich 53; *Moss* v. *Moss*, 78 Iowa, 645; *Muenks* v. *Bunch*, 90 Mo. 500; *Johnson* v. *Johnson*, 52 Iowa, 590; *Marshall* v. *Marshall*, 75 Iowa, 132; *Leonard* v. *Smith*, 80 Iowa, 194; *Furlong* v. *Sanford*, 87 Va. 506.) A verbal agreement to support a parent will support a deed. (*Nichols* v. *Burch*, 128 Ind. 324; *Hays* v. *Montgomery*, 118 Ind. 91; *Brown* v. *Rawlings*, 72 Ind. 505; *Manning* v. *Franklin*, 81 Cal. 206.) Old age is not a ground for presuming undue influence. (*Millican* v. *Millican*, 24 Tex. 449.) Conveyances from aged parents to children and others were upheld in the following cases: *Le Gendre* v. *Goodridge*, 46 N. J. Eq. 419 (84 years); *Ladu* v. *Ladu*, 84 Mich. 469; *Scalf* v. *Collin Co.*, 80 Tex. 514; *Moss* v. *Moss*, 78 Iowa, 645 (75 years); *Stewart* v. *Curtis*, 85 Mich. 496; *Falls* v. *Falls*, 78 Iowa, 756 (72 years); *Paine* v. *Aldrich*, 14 N. Y. St. Rep. 538 (92 years); *Callery* v. *Miller*, 1 N. Y. Sup. Ct. 88 (75 years); *McCalla* v. *Bane*, 45 Fed. Rep. 828, 839 (83 years); *Campbell* v. *Campbell*, 75 Mich. 53; *Muenks* v. *Bunch*, 90 Mo. 500; *Stewart* v. *Flint*, 59 Vt. 144; *Johnson*

v. *Johnson*, 52 Iowa, 590 (80 years); *Spalding* v. *Hallen-beck*, 30 Barb. 292. Mental weakness not amounting to an absolute incapacity to contract is not sufficient to justify a rescission of a contract honestly entered into. (*Graham* v. *Castor*, 55 Ind. 559; *Aiman* v. *Stout*, 42 Pa. St. 114; *Stewart* v. *Flint*, 59 Vt. 144; *Marshall* v. *Marshall*, 75 Iowa, 132; *Noyce* v. *Boyer*, 30 Pa. St. 99.) The exercise of the influence springing from the family relation, service, affection, or gratitude, is not undue, though pressed to the extent of unreasonable importunity. (*Hazard* v. *Hefford*, 2 Hun, 445; *Hale* v. *Cole*, 31 W. Va. 576; *Kline* v. *Johnson*, 60 Barb. 69; *Millican* v. *Millican*, 24 Tex. 427, 446; *Gardiner* v. *Gardiner*, 34 N. Y. 155; *Mackall* v. *Mackall*, 135 U. S. 172.) The court finds there was a consideration, and subsequently finds there was no consideration. Unless the court disregards the last finding, the judgment must be reversed. (*Langan* v. *Langan*, 91 Cal. 654; *Manly* v. *Howlett*, 55 Cal. 94; *Sloss* v. *Allman*, 64 Cal. 47; *Gilman* v. *Curtis*, 66 Cal. 116.) If the finding of the court that there is no consideration should be permitted to prevail, still the court was not warranted in setting aside the conveyance. (Civ. Code, sec. 1040; *Lawrence* v. *Gayetty*, 78 Cal. 134; 12 Am. St. Rep. 129; *Brison* v. *Brison*, 75 Cal. 532; 7 Am. St. Rep. 189; *Barnes* v. *Bartlett*, 47 Ind. 103; *Furlong* v. *Sanford*, 87 Va. 506; *Bank of United States* v. *Housman*, 6 Paige, 526.)

*William B. Hardy*, for Respondent.

A verbal agreement to support and maintain a person is entirely too vague and indefinite to be specifically performed. (Wood on the Statute of Frauds, sec. 504, note.) In all cases where old persons had conveyed property to their children to secure support for themselves, either payments in money were made at the time, or the full and explicit character of the support was embodied in the conveyance. (*Jackson* v. *Florence*, 16 Johns. 47; *Leonard* v. *Smith*, 80 Iowa, 194; *Ladu* v. *Ladu*, 84 Mich. 469; *Moss* v. *Moss*, 78 Iowa, 645; *Johnson* v. *Johnson*, 52

Iowa, 586; *Campbell* v. *Campbell*, 75 Mich. 53; *Falls* v. *Falls*, 78 Iowa, 756.) A condition cannot be ingrafted on a deed absolute in form, by parol evidence. (Devlin on Deeds, sec. 978; *Marshall County High School Co.* v. *Iowa Evangelical Synod*, 28 Iowa, 360; *Galveston etc. R. R. Co.* v. *Pfeuffer*, 56 Tex. 66.)

FOOTE, C. — This action was brought to cancel a deed made by Mrs. Grimmer, the plaintiff, to her daughter, Mrs. Carlton. The case comes here upon the judgment roll alone.

From the pleadings it appears that the main issues are two: 1. Whether or not the deed had been obtained by the fraud and misrepresentations of the defendant; 2. Whether or not the true consideration for the making and delivery thereof was expressed in the deed; and if not so expressed, if it, as set out in the pleadings, was an enforceable contract and sufficient to support the deed.

The court found in favor of the defendant as to the issue of fraud and misrepresentations, but found for the plaintiff, that the true consideration was not stated in the deed; that it was a consideration based upon a verbal agreement that the defendant, in consideration of the making and delivery of the deed, would support and maintain her mother, the plaintiff, for the balance of her natural life, and, in effect, that such a proposed consideration, not being enforceable, was no consideration at all; and adjudged, therefore, that the deed should be canceled, and the defendant enjoined from selling the property described in the deed, which it is alleged she intended to do. From that judgment, this appeal is taken.

Taken altogether, we see no conflict in the findings, and no error in that respect. Nor do we perceive that the court erred in giving judgment upon the findings for the plaintiff.

The proposed consideration, as the true and only consideration, if any existed, mentioned therein, is found to be no consideration in the sense, as we understand

the findings, that the agreement upon which it was based was not an enforceable contract, and therefore the deed should be canceled. The findings also negative, by finding what the true consideration was, the existence of any other to support the deed.

But it is claimed that by the admissions of the answer to the cross-complaint it is shown that the contract to maintain and support the plaintiff was partially performed.

We do not think this position correct. The answer to the cross-complaint specifically denies that there was any such agreement made as the latter pleading sets up; and if that is denied, the fact set out in it, that the plaintiff was supported by the defendant, if admitted by the pleadings, is not an admission that it was in *pursuance of the agreement* the existence of which is denied.

Conceding, without deciding, that the agreement may not be within the statute of frauds, because it appears that the time for the performance of the defendant's contract to maintain and support depends upon the contingency of the death of the plaintiff, which might or might not happen within a year, under the rule laid down in *Swift* v. *Swift,* 46 Cal. 269, nevertheless we do not think the contract an enforceable one, because from the very nature of it a proper performance thereof involved the personal services of the defendant.

The findings show that the plaintiff is a person eighty-four years of age, feeble in health, subject to the ailments and disorders incident to old age, and her memory seriously impaired.

The proper maintenance and support of the mother by her daughter ought necessarily to involve the personal care and attention of the latter to such a sick, ailing, and feeble-memoried parent. It would doubtless be also the most important and necessary part of the proposed maintenance and support of an almost helpless parent, a female, too, peculiarly to be attended to by a loving and devoted daughter.

And it would be strange indeed if in addition to a

XCIII. CAL.—13

house and lot worth six thousand dollars — almost all the mother possessed in the way of property — the filial affection of the child would not stimulate and cause her to consider such services as included in the contract and so intended by the party to be charged, and that the same would be so understood by the party with whom it was made.

The validity of the deed depends upon the power to enforce the specific performance of the defendant's mutual and dependent contract. As it could not be enforced under the rule laid down in *Cooper* v. *Pena*, 21 Cal. 409, and *King* v. *Gildersleeve*, 79 Cal. 509, we think the court below was warranted in giving its judgment on the findings made, and we advise that the judgment be affirmed, there being no prejudicial error disclosed by the record.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.