Boyd *et al. v.* Vickrey *et al.*

No. 16,786.

## BOYD ET AL. *v.* VICKREY ET AL.

FRAUDULENT CONVEYANCE.—*From Husband to Wife in Accordance to Contract for Certain Purchase-Money.*—Where, at the time of the conveyance of certain land to his wife, A had other property of the value of one thousand dollars, subject to execution, and was surety for B on a note for $500, B having property subject to execution, sufficient to pay all his indebtedness, the conveyance being made to the wife upon agreement by which certain of the purchase-money was furnished,—the conveyance by A to his wife was not in fraud of creditors.

SAME.—*Insolvency at Time of Conveyance and at Time of Bringing Suit.* —Before a conveyance of real estate will be set aside as fraudulent, it must appear that at the time of the conveyance, as well as at the time of bringing the suit, the debtor did not have sufficient other property subject to execution from which the debt could be made.

From the Henry Circuit Court.

*M. E. Forkner,* for appellants.

*T. B. Redding* and *C. N. Mikels,* for appellees.

HOWARD, J.—This was an action by the appellants to set aside a conveyance of real estate as fraudulent. There was a trial by the court and a finding for the appellees; and over a motion for a new trial, judgment was entered upon the finding.

It is contended that the court erred in overruling the motion for a new trial. The reasons given in the motion for a new trial were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to the evidence and contrary to law.

We have read the evidence carefully, and are satisfied that it strongly tends to support the finding of the court.

The evidence tends to show, and we think it fairly does show: That the appellees, Pierce L. Vickrey and his father, John W. Vickrey, were partners in carrying

on the farm of John W. Vickrey; that Pierce L. Vickrey so lived with his father, living on a part of the farm for a great many years after he attained the age of twenty-one, and after his marriage; that his father then thought it but due to his son to make him a deed of forty acres of land, including the house and other buildings which had been occupied by the son; that Pierce L. Vickrey desired to have twenty acres more added to the forty acres, for which he was to pay his father twelve hundred dollars; that Pierce L. Vickrey obtained five hundred of this amount chiefly by selling some horses that he had, and that his wife's father furnished the additional seven hundred, on condition, however, that the deed for all the land was to be placed in the name of his daughter, wife of Pierce L. Vickrey; that the deed for the sixty acres was made to Pierce L. Vickrey by his father, in February, 1887, the consideration being "twelve hundred dollars and love and affection"; that in October, 1888, in conformity with the condition made by the father of Pierce L. Vickrey's wife on his giving her the seven hundred dollars, part purchase-price of the land, the sixty acres were transferred by deed to her; that in February, 1887, Pierce L. Vickrey became surety for his father on a note for five hundred dollars in favor of appellants, being a renewal of a debt for that amount due by John W. Vickrey to appellants, which note was afterwards put in judgment and is the foundation of the present action; that said debt was due in one year from the date of said note, being due February 5, 1888, but was not put in judgment until February, 1892; that at the time said debt became due, and at the time said deed was made transferring said sixty acres from Pierce L. Vickrey to his wife, the said John W. Vickrey, who owed said debt as principal, was abundantly able to pay the same; that at the time of said transfer, and for three

years thereafter, John W. Vickrey owned two hundred and twenty acres of land, worth from sixty to sixty-five dollars an acre, besides from fifteen to twenty-five hundred dollars of personal property, without any mortgage or other lien upon any of his property; that at the time of said transfer Pierce L. Vickrey was not indebted at all, except that he was security on notes for his father, and that his personal property was not worth less than one thousand dollars; that when said loan was made by appellants to John W. Vickrey, and until his assignment in 1891, they believed him abundantly able to pay his debts, as did also his son and himself; that said transfer was made in good faith by Pierce L. Vickrey and his wife; that she had no knowledge of any indebtedness by her husband, and said transfer was not made by her nor by her husband for the purpose of cheating his creditors, but only to carry out the wish of her father, who desired that her home be in her own name, and contributed seven hundred dollars as an advancement to her for that purpose.

It is not necessary to set out more of the evidence to show that the deed by which Minnie Vickrey holds the sixty acres in dispute was not obtained in fraud of any creditors, but was one which might be, and was, honestly given to her by her husband and with the aid of her father's money.

Pierce L. Vickrey was not himself then indebted to any one, and the debt of his father, for which he was security, was one that his father was abundantly able to pay at that time and long afterwards.

It is plain that the appellants are chargeable with laches, or were overconfident, in not collecting their debt when it became due, and that they ought not now to be allowed to take from the wife of the surety the home which she had honestly obtained at a time when

Midland Ry. Co. *et al. v.* State, *ex rel.* Harrison, Treasurer of Boone Co.

the principal debtor had abundant means to pay their debt.

Before a conveyance of real estate will be set aside as fraudulent, it must appear that at the time of the conveyance, as well as at the time of bringing the suit, the debtor did not have sufficient other property subject to execution from which the debt could be made. *Eiler* v. *Crull*, 112 Ind. 318.

In this case, at the date of the conveyance, the principal debtor had over fifteen thousand dollars' worth of property free from encumbrance and subject to execution, and the surety himself had one thousand dollars' worth, besides the land in question. In addition, the evidence shows that at any time for over two years after the transfer complained of the appellants might have collected their debt from the principal, or real debtor. It would be most inequitable that after thus neglecting their own business they should now be allowed to secure their debt from the surety, by taking from his wife the home which she had acquired without fraud or any knowledge of such indebtedness, and for a valuable consideration. See *Nichols, Shepard & Co.* v. *Burch*, 128 Ind. 324.

The judgment is affirmed.

Filed June 19, 1894.