[Sac. No. 1191. Department Two.—September 19, 1905.]

## J. M. NORRIS, Respondent, v. SARAH LILLY and JAMES LILLY, Appellants.

DEED—SUPPORT OF GRANTOR—SPECIFIC PERFORMANCE—CANCELLATION —CASE OVERRULED.—A deed in consideration of an oral promise to pay the debts of the grantor, and to provide for his support, is founded upon a consideration, and cannot be avoided and canceled merely because the contract is not susceptible of specific performance. (*Grimmer* v. *Carleton,* 93 Cal. 185, overruled.)

ID.—ORAL PROMISE—STATUTE OF FRAUDS—CONTINUED PERFORMANCE.— The oral contract is not void under the statute of frauds, where there is no dispute as to the promise, and where the continued performance of the contract is sufficient to take it out of such statute.

ID.—IMPROPER JUDGMENT UPON PLEADINGS.—In an action to cancel the
deed for alleged fraud, where the fraud is denied in the answer
and full performance of the oral contract is alleged therein, until
plaintiff refused to accept further performance, a judgment upon
the pleadings was improper.

APPEAL from a judgment of the Superior Court of Butte
County. John C. Gray, Judge.

The facts are stated in the opinion of the court.

Warren Sexton, and R. H. Latimer, for Appellants.

J. M. McGee, for Respondent.

HENSHAW, J.—Plaintiff sued for a cancellation of a
deed to real property which he had made to defendants,
and for the recovery of the value of certain personal prop-
erty, farming utensils, and the like, which were upon the
land at the time of the conveyance. His complaint alleged
that he was an old man seventy-four years of age, and
that, induced by the promises of the defendants that they
would provide support and maintenance for him during
every alternate two months of his natural life, and would
pay all his existing debts and obligations, he executed to them
a deed of all his realty. He alleged that the promises and
representations were made in bad faith with intent to deceive
and defraud him of his property; that the promises were
made without any intent on the part of defendants to per-
form them, and that in fact they had wholly failed and
neglected to provide him with support and maintenance, nor
had they paid any of his debts. The answer denied the bad
faith and fraud. It agreed with the complaint upon the
question of the moving consideration for the deed, and
averred complete performance upon the part of defendants,
—the payment of his debts and his maintenance and support,
—until plaintiff refused further to accept such support and
maintenance. The performance of defendants' contract is
alleged to have continued from the winter of 1896 until
October, 1902. They specifically aver a payment of doctor's
bills, funeral expenses, etc., on behalf of the plaintiff in
excess of the sum of one hundred and thirty-five dollars, and,

finally, they allege that they never have refused to comply with any of the terms of the contract, and stand ready and willing to perform them all.

Such, in brief, are the pleadings in the case, and upon them the court rendered its judgment that the deed of plaintiff to defendants be canceled, that the defendants execute a deed of conveyance of the property to plaintiff, and that plaintiff have his costs of suit. From the judgment so rendered on the pleadings the defendants appeal.

From the argument of the respondent upon this appeal it appears that the trial court based its decision and judgment upon the case of *Grimmer* v. *Carleton,* 93 Cal. 185, [27 Am. St. Rep. 171, 28 Pac. 1043], and in effect held that, putting out of consideration the issue raised upon the question of fraud, the contract itself, being one that could not be specifically enforced against the defendants, made the deed void, or at least voidable, and subject to cancellation at the instance of the grantor without any further evidence upon the matter. It is but just to the learned judge of the trial court to say that his ruling in this regard draws support from the case to which we have adverted. That case itself, however, is at variance with other adjudications of this court as well as with the whole current of authority upon the subject, and cannot longer be considered as an authoritative expression of the law. The mere fact that a contract is not specifically enforceable does not render it either void or voidable. An agreement to do any act or series of acts which the promisor but for his agreement was under no obligation to perform, has always been deemed an ample consideration for any contract, transfer, or conveyance, whether the doing of such act or acts could be specifically enforced or not. If in such a case as this, the promisor had refused to execute the contract, an action for rescission would lie, but this rescission would involve a cancellation of the deed only upon terms meet in equity. In the very case here pleaded, if the defendants, after the payment of this money, and after years of personal service, had refused to proceed further with the contract, plaintiff unquestionably would have been entitled to rescind, but in rescinding the court in equity would take cognizance of the value of the services rendered and the moneys paid, the value of the occupation of the land by the promisors, and

reach its conclusion under the evidence as to the terms upon which a cancellation of the deed should be decreed. Under the case, however, presented by these pleadings, issue was squarely joined upon the question of the breach of the contract, and if it be that defendants have performed the obligations imposed upon them and stand ready for a continued performance of them, plaintiff has no cause of action whatever. This contract was executed by the plaintiff by his deed. The consideration of the defendants was oral, but such oral consideration is not in dispute between the parties, and is sufficient to support the contract. (*Hays* v. *Montgomery*, 118 Ind. 91, [20 N. E. 646]; *Nichols* v. *Burch*, 128 Ind. 324, [27 N. E. 737].) And if any doubt could exist upon this point the continued performance of the contract by the promisors, as alleged, is sufficient execution to take the case out of the statute of frauds. Such, indeed, was held to be the case in *Manning* v. *Franklin*, 81 Cal. 205, [22 Pac. 550], where the whole contract, involving the erection of a dwelling-house upon the one hand for a life estate to be granted upon the other, was held to be taken out of the statute of frauds by a part performance in the erection of the building and the rendering of the personal services.

*Grimmer* v. *Carleton*, as we have said, seems to have entertained the mistaken notion that a contract such as this was void because not specifically enforceable, whereas, in truth, such a contract, in the absence of fraud, is absolutely valid and is no more voidable because not capable of specific performance than would be any other of the myriad forms of like contracts which are daily entered into and daily performed, and for the breach of which upon the part of the promisor the promisee has his action for rescission or for damages, as the circumstances may justify and warrant. It is only necessary upon this proposition to cite the foot-note to the case of *Grimmer* v. *Carleton*, as reported in 27 Am. St. Rep., at page 171, and also the foot-note in Devlin on Deeds, paragraph 807, where the same case comes under review.

That case having been decided upon the mistaken proposition of law that the contract was void, it is perhaps superfluous to point out that issues in this action are joined upon all the vital matters, and that where issue is joined upon any

single material proposition a judgment on the pleadings is improper. (*Widmer* v. *Martin,* 87 Cal. 88, [25 Pac. 264]; *Ghirardelli* v. *McDermott,* 22 Cal. 539; *Botto* v. *Vandament,* 67 Cal. 332, [7 Pac. 753].)

For the foregoing reasons the judgment is reversed and the cause remanded.

McFarland, J., and Lorigan, J., concurred.