[Civ. No. 6538. First Appellate District, Division One.—January 17, 1929.]

WILLIAM GEORGE HARKINS, Respondent, v. J. H. BRUNS et al., Defendants; FRANK GRANUCCI, Appellant.

Devoto, Richardson & Devoto and Anthony S. Devoto for Appellant.

Max Mayer for Respondent.

TYLER, P. J.—Action for declaratory relief based upon certain written leases. The complaint alleges, in substance, that plaintiff and defendant J. H. Bruns entered into a lease for the term of ten years, commencing on the twenty-sixth day of December, 1916, and ending December 26, 1926, covering certain premises located at Nos. 2011 and 2015 Mission Street, and known as McKinley Market. That in the said lease an option was reserved in favor of the plaintiff providing that in the event all the terms and conditions were faithfully and satisfactorily performed the lessee should have the first option or right of a lease for another term of ten years upon the expiration of the lease, the rent, if not agreed upon, to be fixed by arbitration, said option to be exercised by the lessee fifteen days before the expiration of the lease. At the time of the execution of this instrument defendant Bruns was the owner of said premises, but he subsequently sold the same to defendant Lachman Bros. Investment Company, a corporation, which is the present owner thereof. The complaint, proceeding, alleges that plaintiff has faithfully and satisfactorily performed and carried out all the terms and conditions of the lease so as to entitle him to exercise the option contained therein, but that defendant Lachman Bros. now refuse and neglect to agree with plaintiff concerning the rent covered by said option, and has neglected and refused to refer the said matter to arbitration. The allegations of the complaint, so far as defendant Frank Granucci is concerned, allege that plaintiff entered into a lease with him for the premises above described for a term of five years, commencing November 21, 1921. This lease contained a renewal option for five years, similar in substance to that contained in plaintiff's lease. Judgment was prayed for declaratory relief, to determine what the rights of plaintiff herein are under and by virtue of the said option contained in the lease executed with defendant Bruns, and also for declaratory relief to determine the rights and obligations of plaintiff under and by virtue of the option contained in the lease executed between plaintiff and defendant Granucci, said option being given in reliance of the option contained in the lease of plaintiff. Defendants Bruns and Lachman

Bros. interpose a demurrer to the complaint upon various grounds. Their demurrers were sustained and, plaintiff failing to amend, the default of plaintiff as against them was entered and the action was by stipulation subsequently dismissed as to these defendants. Defendant Granucci filed an answer in which he denied, upon information and belief, the execution of a lease between plaintiff and defendant Bruns, and he likewise denied that the lease contained the option of renewal, as above set forth, or that plaintiff had faithfully performed the terms of his lease entitling him to the exercise of the renewal option. He admitted the execution of the lease between himself and plaintiff, and that such lease contained the option of renewal above referred to. He further alleged that he had exercised the right given under the option, but that plaintiff has refused and neglected to give him a further lease of said premises for five years, as contained and agreed in his lease. Under this condition of the record plaintiff moved for judgment against Granucci on the pleadings. The motion was granted and judgment was rendered construing the option contained in his lease as prayed for in the complaint. The court adjudged and decreed that the words "first right or option" appearing in the option clause in such lease did not create an absolute obligation on the part of plaintiff to lease the premises in question but that said words, "first right or option," signified and meant the defendant Granucci had merely a first or preferential right to lease said premises from plaintiff upon complying with all the conditions in the lease and the option clause, in the event only that plaintiff again desired to lease the premises. ■ Appellant does not here complain of the correctness of this construction of the option clause, contenting himself merely with the claim that the court erred in granting the motion for judgment on the pleadings, it being his contention that his denial raised a material issue of fact which he was entitled to have tried, and which precluded the court from rendering judgment on the pleadings. It is true that such a judgment cannot be taken where a single material issue is presented by the answer. (*Summerville* v. *Stockton Milling Co.,* 142 Cal. 529, 544 [76 Pac. 243]; *Norris* v. *Lilly,* 147 Cal. 754 [109 Am. St. Rep. 188, 82 Pac. 425].) ■ The present case, however, does not present such a situa-

tion. The complaint contained separate allegations concerning the different defendants. Appellant's denials were directed solely to allegations concerning the lease existing between his co-defendants and plaintiff, which in no manner, so far as the record shows, concerned his rights. Appellant was not required in his answer to deny such allegations, as they were immaterial as to him, and the fact that he did so did not constitute them material allegations or raise an issue of a material fact. The allegations which he denied might well be stricken from the pleadings without leaving them insufficient as to him. There was no denial by appellant of any fact material to him. The allegations in the complaint which related to appellant's lease with plaintiff and the declaratory relief sought by plaintiff based thereon were separate and distinct from those relating to the lease with the other defendants. Under such circumstances there was no denial by appellant of any matter in the complaint which was material to him, and he having admitted by his pleading all the allegations which concerned him, the court properly granted the motion. Where a complaint is directed against two persons, and the liability of one involves some facts which are not material to the liability of the other, and the parties plead separately, neither is required to answer those allegations which relate solely to the other. (*Hibernia Sav. Soc.* v. *Dickinson,* 167 Cal. 616 [140 Pac. 265].)

This being the sole question presented on the appeal, from what we have said it follows that the judgment should be, and it is hereby, affirmed.

Knight, J., and Cashin, J., concurred.