[Civ. No. 9575.   First Appellate District, Division Two. — June 27, 1935.]

ARTHUR A. NEWHOUSE, Respondent, v. B. GETZ (a Corporation) et al., Defendants; BENJAMIN BOAS, Appellant.

Harold J. Abraham for Appellant.

Russell P. Tyler for Respondent.

NOURSE, P. J.—Plaintiff sued to collect a deficiency on a $15,000 note after sale of property described in a deed of trust which was given as security for the note. Judgment went against the defendants for $8,806.78. The defendant Boas,

who was an endorser on the note, has appealed from the judgment.

The note was executed in January, 1926, and was due three years later. In July, 1929, the interest was about one year in arrears and the defendant corporation and one of the trustees made an oral agreement whereby plaintiff was to receive an assignment of rents from the property in payment of this interest.

Appellant's argument is that this agreement releases him from liability as an endorser of the note because it was in consideration of a promise to forbear foreclosure and was made without the knowledge of the appellant.

Respondent's answer is that this defense was not pleaded in the lower court and therefore cannot be here presented for the first time. Appellant replies that the reason that this defense was not specially pleaded is that appellant did not learn of the agreement until during the trial. Some evidence was received over respondent's objection tending to prove an agreement to forbear. Other evidence directly denied the agreement.

The judgment must be affirmed for three reasons, all of which rest on elementary principles and require no citation of authorities: (1) The discharge of a guarantor under section 2819 of the Civil Code is a special defense to the suit on the note. This defense was not pleaded and was not tried. When an issue has not been raised nor heard in the trial court it cannot be raised for the first time on appeal. (2 Cal. Jur., p. 234.) This is not a case of an issue which, though inaptly pleaded, has been heard and determined in the trial court. It is a case where the issue was not raised, heard, nor determined.

(2) Alteration of the obligation or of the remedies is the essential element of the defense of exoneration under the code section. Here the evidence of alteration is in direct conflict and we must therefore assume, in support of the judgment, that if findings had been made on this issue, they would have been adverse to the appellant. (2 Cal. Jur., p. 881.)

(3) Such alteration affects an exoneration only if made without the knowledge and consent of the guarantor. This element was left unproved.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.