[Civ. No. 13984. Second Dist., Div. One. Apr. 13, 1943.]

FLORENCE M. CONLEY et al., Appellants, v. GEORGE G. SHARPE, as Administrator, etc. et al., Respondents.

F. B. Mullendore and Edward W. Fisher for Appellants.

Sidney Fischgrund for Respondents.

YORK, P. J.—Appellants, as owners of a certain parcel of real property, on August 21, 1936, executed and delivered a grant deed conveying all their interest therein to George G. Sharpe, and on the same day said George G. Sharpe and Flossie R. Sharpe conveyed all their right, title and interest in the said realty to appellant Florence M. Conley and respondent Genevieve E. Sharpe, as tenants in common.

Florence and Vivian Conley and Genevieve E. Sharpe were sisters; George G. Sharpe is the son of Genevieve E. Sharpe, and Flossie R. Sharpe is George's wife. Genevieve E. Sharpe

died on December 9, 1941, and her said son George, as administrator of her estate, was thereafter substituted herein in her place.

By the instant action, through their guardian ad litem, appellants sought to have cancelled the deeds hereinabove mentioned and the title to the property thereby conveyed quieted in themselves. The complaint alleged the incompetency of appellants; that the deed by them to George was executed under duress and undue influence, without consideration and that respondents occupied the conveyed premises without payment of rent or accounting for rentals received from other tenants. It was also alleged that although respondent Genevieve E. Sharpe claimed to have advanced the sum of $2,358.38 in payment of funeral expenses for their father, as well as for appellants' food and for repairs, taxes and other expenses of the real property, appellants were not aware of the true amount so expended, and made offer to repay such sums, if any, as the court might decree were owing to said respondent after an accounting was made for that purpose.

Respondents denied generally the allegations of the complaint and alleged that respondent Genevieve E. Sharpe had incurred costs and expense money in connection with the maintenance of appellants and the expenses of the property in a total amount of $4,073.

Respondent Genevieve E. Sharpe also filed a cross-complaint alleging that on August 21, 1936, appellants engaged her services to nurse and care for them and manage their property; that from said date to December 9, 1939, she performed services as personal attendant which, together with money expended on the real property were reasonably worth and amounted to $4,073, and after deducting therefrom $815 received as rental from said property, there remained a balance of $3,258 owing to her by appellants for which she asked judgment. In connection with her cross-complaint said Genevieve E. Sharpe filed a bill of particulars itemizing said expenditures.

After hearing the evidence and considering the report of a referee appointed to take evidence and make an accounting, the trial court found that appellants were of sound mind, not suffering under undue influence at the time the deeds were executed, and that there was a sufficient consid-

eration for the same. That respondent Genevieve E. Sharpe, as a tenant in common, was under no obligation to pay rent; that she was chargeable with rent in behalf of respondent George G. Sharpe at $10 per month from August 20, 1936, to January 20, 1941, or a total of $410.

"XI. That the defendant and cross-complainant Genevieve E. Sharpe has nursed and cared for the plaintiffs . . . and has managed the property . . . However, the money expended and the reasonable value of such nursing and care of the plaintiffs and the maintenance of the property is a consideration for the grant to the defendant and cross-complainant, Genevieve E. Sharpe, of a one-half ($\frac{1}{2}$) interest in and to the real property described. . . .

"That the defendant . . . has furnished money to the plaintiffs and cross-defendants for food and clothing and for light and water; that the said money so furnished is part of the consideration for the grant to the defendant, Genevieve E. Sharpe, of the one-half ($\frac{1}{2}$) interest in and to the real property. . . .

"XII. That the defendant . . . has made certain payments of principal and interest due on a mortgage on said property, has paid the taxes on said property, and has paid for material and labor for repairing and preserving said real property . . . for which she is entitled to a credit for the sum of $2,129.68.

"That the defendant . . . has collected $815 rent from William Hausen and is chargeable with rent for the premises occupied by defendant and cross-complainants George G. Sharpe and Flossie R. Sharpe, at the rate of ten dollars ($10.00) per month from Aug. 26, 1936 to Jan. 20, 1941, in the sum of $410. After deducting the rent chargeable to the defendant, she is entitled to a credit of $904.68."

Judgment was thereafter entered decreeing that appellants take nothing by their complaint; that respondent and cross-complainant Genevieve had an undivided one-half interest as tenant in common with appellant Florence M. Conley in the property above referred to; and giving her judgment against "the plaintiffs and cross-defendants Florence M. Conley and Vivian Conley, in the sum of Nine Hundred four dollars and sixty-eight cents ($904.68) which sum is a lien and encumbrance upon the real property described as Lot 369, Tract 3992 . . . ."

This appeal is prosecuted from such judgment, appel-

lants contending that a conveyance made in consideration of a promise of support should be set aside and cancelled where it is shown that the grantee abandoned performance of such promise.

There is considerable diversity of opinion as to whether nonperformance by a grantee of his promise to furnish the grantor with support and maintenance is sufficient ground for the cancellation of a deed given in consideration for such promise. (See 12 C.J.S. 986, sec. 30; 9 Am.Jur. 376, sec. 31; 112 A.L.R. 670.)

Appellants cite the following excerpt from *Johnson* v. *Clark,* 7 Cal.2d 529, 533 [61 P.2d 767], as upholding their contention, which they claim is the rule generally followed in foreign jurisdictions:

"Ordinarily a grantor who has executed a deed absolute or other executed transfer in consideration of promises of the grantee is not entitled to rescind upon failure of consideration arising from the grantee's failure to fulfill his promises, but is limited to his right of action for damages for breach of contract. (*Lawrence* v. *Gayetty,* 78 Cal. 126 [20 P. 382, 12 Am.St.Rep. 29]; *Williams* v. *Reich,* 123 Cal.App. 128, 131 [10 P.2d 1030]; 4 Cal. Jur. 785.) However, an exception to this rule is made in many jurisdictions where the consideration for the deed or transfer is the grantee's promise to support the grantor. (5 Pomeroy's Equity Jurisprudence 2d.ed.,p.4755, sec. 2108; note 34 A.L.R. 136; 25 Cal.Jur. 173; 4 R.C.L. 509; 6 Cal.Law.Rev. 309.)"

In addition to the foregoing quotation intimating that California might follow the majority rule, it was held in the early case of *Grimmer* v. *Carlton,* 93 Cal. 189 [28 P. 1043, 27 Am.St.Rep. 171], that inasmuch as an agreement to support and maintain a grantor, in consideration of his conveyance, is one involving personal services and so cannot be specifically enforced, it is not sufficient consideration and the grantor is entitled to a cancellation of the conveyance. The Grimmer case was overruled as to this point in *Norris* v. *Lilly,* 147 Cal. 754 [82 P. 425, 109 Am.St.Rep. 188], but the court therein conceded that if the grantee in a deed fails to perform his oral promise to support the grantor, the latter may have a cancellation of the conveyance upon just and equitable terms.

However, it is stated in 9 Cal.Jur. p. 142, sec. 43: "No distinction has been made in California between a considera-

tion of support and maintenance and any other consideration, in applying the principles enunciated in the preceding paragraph [avoidance of a deed for want or failure of consideration]. Thus, it has been held that where the grantor accepts the verbal promise of the grantee for support without any agreement or understanding that the failure to do the acts as promised should be a condition, or in any way affect the validity of the deed, or entitle him to a reconveyance, in the absence of fraud, actual or constructive, the grantor would have no right to rescind or to have the deed set aside. [*Schott* v. *Schott,* 168 Cal. 342, 143 P. 595.] On the other hand, it was said by way of dictum in a case of mixed consideration, that if the grantee refuses to execute an agreement to support, the grantor may rescind, but this rescission would involve a cancellation of the deed only upon terms agreeable to equity. In such case equity would take cognizance of the value of the services rendered and the moneys paid, the valuation of the occupation of the land by the promisors, and reach its conclusion under the evidence as to the terms upon which a cancellation of the deed should be decreed. [*Norris* v. *Lilly,* 147 Cal. 754, 109 Am.St.Rep. 188, 82 P. 425 (overruling *Grimmer* v. *Carlton,* 93 Cal. 189, 27 Am.St.Rep. 171, 28 P. 1043, on the point that a deed given in consideration of support would be cancelled because the covenant could not be specifically enforced). See *Cruickshank* v. *Vogh,* 48 Cal.App. 393, 192 P. 86, which impliedly supports this dictum.]''

In 5 Cal.Jur. 10-Yr. Supp. 141, the case of *Lavely* v. *Nonemaker,* 212 Cal. 380 [298 P. 976], is cited as authority for the rule ''Grantor has no right to rescind where deed is executed pursuant to a verbal promise of support.''

The Nonemaker case was one in which the plaintiff, a man well along in years and in a weak and infirm condition, transferred to his daughter an undivided one-half interest in real property, solely in consideration of the latter's oral promise that she would properly care for him in her home for the remainder of his natural life. The trial court found the allegations of plaintiff's complaint as to fraud and undue influence were untrue; that the agreement had been breached; that there was no consideration for the conveyance and no valid delivery of the deed and ordered a cancellation of the deed.

The Supreme Court reversed the judgment of the trial court and held (p. 383): ''It is settled that a deed without

fraud in its inception conveys the title, and is not void for any failure of consideration, either in whole or in part. (*Tillaux* v. *Tillaux*, 115 Cal. 663, 667, 668 [47 P. 691].) Acts done subsequent to the execution and delivery of a deed can not affect its integrity, and a subsequent failure of consideration or breach of a personal covenant not amounting to a condition, will not avoid the deed, if there was no fraud or false representation. (*Lawrence* v. *Gayetty*, 78 Cal. 126 [12 Am.St.Rep. 29, 20 P. 382] ; *Duckworth* v. *Watsonville Water etc. Co.,* 170 Cal. 425, 434 [150 P. 58] ; *Masero* v. *Bessolo,* 87 Cal.App. 262, 271 [262 P. 61].) Section 1689 of the Civil Code providing for the rescission of contracts for failure of consideration is without application to an executed conveyance, such as we have here, where actual performance by the grantee is not required as a condition. (*Lawrence* v. *Gayetty, supra.*)

"Of course, the circumstances of any particular case may be such as to warrant the conclusion that what purports to be a mere personal covenant is, in fact, and was intended by the parties to be a condition subsequent upon the happening of which the grantee is to be divested of his estate. Such a case is that of *Downing* v. *Rademacher,* 133 Cal. 220 [85 Am.St.Rep. 160, 65 P. 385], wherein the grant was executed in consideration of the grantee's promise, evidenced by a contemporaneous *written* agreement, to work the mine transferred and to deliver to the grantor one-third of the proceeds derived therefrom. . . . The circumstances of the case at bar are not such as to take it out of the general rule. Neither the deed nor the asserted *oral* agreement either expressly or impliedly refers to the defendant's promise to care for the plaintiff as a condition affecting the validity of the deed, and the trial court has not found that it is such a condition. True, such promise constituted the sole and only consideration for the transfer, but in this particular the situation is not unlike that where a conveyance is made solely in reliance upon the grantee's written promise to pay an agreed purchase price, or to subsequently render certain legal services, the breach of each of which promises it has been held gives rise only to an action in damages. (*Lawrence* v. *Gayetty, supra; Hartman* v. *Reed,* 50 Cal. 485.) The case of *Schott* v. *Schott,* 168 Cal. 342, 345, 346 [143 P. 595], presented a state of facts somewhat similar to those involved in this case. It is therein declared, in substance, that where

the grantor accepts the verbal promise of the grantee for support without any agreement or understanding that the failure to do the acts as promised should be a condition, or in any way affect the validity of the deed, or entitle him to a reconveyance, in the absence of fraud, the grantor has no right to rescind or to have the deed set aside, but his only remedy for breach of the grantee's personal covenant is an action for damages.''

The instant cause comes to this court upon a bill of exceptions, consequently, we do not have a full record of the evidence adduced at the trial. However, it appears that respondent and cross-complainant Genevieve E. Sharpe was called as a witness by appellants under section 2055 of the Code of Civil Procedure and that she testified, among other things, that at the time of the death of her father, James H. Conley, she was residing with him and appellants at 2579 East Poplar Place, Huntington Park; that shortly thereafter, in a conversation between her and appellants, she stated to them that ''she wanted to leave the premises occupied by the three of them and for that reason she was planning to move''; that thereupon appellant Florence M. Conley, in the presence of Vivian Conley, told Mrs. Sharpe that if she would remain in the home and nurse and care for them and manage the property, they would convey to her an undivided one-half interest in the real estate at 2579-2583 East Poplar Place; that the witness, Mrs. Sharpe, stated to appellants that she would accept the offer and take care of appellants until they were well enough to take care of themselves and that she would manage the real estate. That thereafter said witness continued to reside on the property, nursed appellants when they were both ill, provided them with food and clothing, paid all of their bills and expenses incurred for the necessaries of life, collected the rents from the said property, paid all of the utility bills and repairs made on the property, made improvements which she paid for out of her separate funds, paid all the taxes, as well as the sum of $1,034.83 which constituted the balance due on the principal and interest of a note secured by a mortgage; that when the last installment was paid on said mortgage, appellants requested said witness to move from the premises; and that she then stated to appellants that she would vacate the premises and surrender her interest in the property provided appellants would reimburse her for the money she had expended for and on their behalf personally and also for the

money she had expended in connection with the repairs, improvements, expenses of preserving and maintaining the real property, and also the taxes thereon, less the sum of $815 which was all the rent she had collected or received from the tenants during the time she was managing said property, all as set forth in the bill of particulars filed herein; that at no time did Florence M. Conley and Vivian Conley, appellants herein, offer to repay her the money she had so expended. In response to questions propounded to her by her own attorney, said witness testified that while both appellants were in poor physical condition in 1936 and during the time she resided with them, that they, and each of them, had sufficient mental capacity to understand their acts; could recall the nature of their property; had exceptionally good memories, and in the opinion of this witness, said appellants were mentally competent.

Appellant Florence M. Conley testified that in August, 1936, she had a conversation with respondent Genevieve E. Sharpe, at which time the latter informed said appellant that she intended to move from the property at 2579 East Poplar Street, Huntington Park; and that thereupon said appellant stated to her sister Genevieve that if she would not move but would remain on the property and would take care of the witness Florence and her sister Vivian, that they would convey a one-half interest in the property to the said respondent Genevieve E. Sharpe; that thereafter a one-half interest in the property was so conveyed to said respondent.

From the foregoing résumé of testimony, it appears that there was a conflict in the evidence as to how long respondent Genevieve E. Sharpe was to care for and support the appellants.

Neither fraud nor confidential relationship was pleaded. In fact, so far as is shown by the record, appellants were relying upon failure of consideration, coupled with their alleged status of mental incapacity to effect a cancellation of the transfer of property. The evidence adduced upon this issue was insufficient to prove incompetency, and the court found against appellants thereon. [3] Moreover, the pleadings did not raise, nor was the trial court called upon to decide whether respondent had failed, neglected or refused to fulfill the promise she made to support appellants. In other words, no showing was made that respondent abandoned performance of her oral agreement to support appellants

and that issue cannot be considered for the first time on appeal. (2 Cal.Jur. 234; *Newhouse* v. *Getz,* 8 Cal.App.2d 113, 114 [47 P.2d 306].)

In any event, the facts and circumstances of the instant case present a situation to which the ruling enunciated by the Supreme Court in *Lavely* v. *Nonamaker, supra,* is clearly applicable. The findings of the trial court upon this issue were sufficiently supported by the evidence.

Between the date of trial and the entry of judgment herein, to wit, on December 9, 1941, said respondent Genevieve E. Sharpe died. Thereafter, appellants made their motion for a new trial on the ground, among others, that there was a failure of consideration for the deed in that the death of said respondent prevented the continuing performance of the obligations undertaken by her in consideration for said transfer. Appellants raise the same point upon this appeal, and contend that the trial court erred in denying their motion for a new trial.

Under the conclusions heretofore reached, and in view of the fact that respondent was not maintaining appellants at the time of her death, there is no merit in the last-named contention; therefore, the denial of the motion for new trial was proper.

We believe the circumstances existing in the instant case are substantially different from those shown in *Teel* v. *Bank of Eureka,* 42 Cal.App.2d 807, 809 [110 P.2d 78], where the court found that the deed was delivered upon condition that if the grantee *"did maintain plaintiff during the remainder of her natural life, then said deed should be delivered to·him, and if he failed to do so, he would have no right, title or interest in or to said property, and that said deed should be returned to plaintiff"*; and that the determination reached herein is not in conflict with the decision in the cited case ordering a cancellation of the deed.

Appellants finally maintain that a tenant in common cannot be charged with the full amount of taxes, repairs and improvements on real property and the full amount of principal and interest paid by another co-tenant without a specific agreement therefor.

It is shown by the record that respondent Genevieve E. Sharpe performed her oral agreement to support her sisters and manage the real property for them for a period of approximately three years. During this period, in addition to

nursing and maintaining appellants, said respondent paid a balance due on the principal and interest of a mortgage against the property, as well as all taxes, repairs and improvements thereon, including the construction of an apartment over the garage "so as to provide an income or source of revenue to the parties."

The court found that respondent's nursing and care of appellants and her management of the real property was a consideration for the grant to her of an undivided one-half interest therein; and that the money she furnished for food, clothing, light and water was part of the consideration for such grant; or, as stated by the trial court in a memorandum of opinion filed herein:

"Genevieve E. Sharpe, by her cross-complaint, is not entitled to any moneys for nursing or for care and maintenance nor for managing the property, said services being consideration for her grant of one-half interest in the property;

"That Genevieve E. Sharpe is entitled to one-half of the money expended by her for funeral and hospital bills of James R. Conley, but that Genevieve E. Sharpe is not entitled to any moneys furnished to plaintiffs for food and clothing, nor for light and water, these being part of the consideration for the granting of the one-half interest in the property;

"That the total amount due Genevieve E. Sharpe from plaintiffs by reason of her cross-complaint would be the remaining items as set forth in the bill of particulars, to-wit: two thousand one hundred twenty-nine and 68/100 ($2129.68) Dollars, less eight hundred fifteen ($815.00) dollars rent collected from William Hausen, and less four hundred ten ($410.00) dollars, rent chargeable on account of George Sharpe, making a balance due Genevieve E. Sharpe by her cross-complaint of nine hundred four and 68/100 ($904.68) dollars."

This did not take into account the fact that respondent, Genevieve E. Sharpe, was the owner of an undivided half interest in the realty and that, therefore, she would be only entitled to a refund from her cotenant of the latter's proportionate share thereof, or one-half of $904.68 which would amount to $452.34.

"The rule is that when one tenant in common has paid a debt or obligation for the benefit of the joint property, or has discharged a lien or assessment imposed upon it as a common burden, he is entitled as a matter of right to have his co-

tenant, who has received the benefit of it, refund to him his proportionate share of the amount paid. As a matter of fact this property was joint property when these taxes and other charges against it were paid by plaintiff. In proportion to their interest all tenants in common are in duty bound to pay taxes, which in this state are a lien upon real property and their nonpayment subjects the land to sale in satisfaction of them. Either of the cotenants may pay the taxes assessed against the whole estate, and such payment discharges the lien imposed upon the common interest, and no matter whether one tenant paying it intended the payment to be for his own benefit or not, such payment in fact and in law essentially inures to the benefit of the other cotenants; it discharges the lien against the common estate for the common benefit, independent of any intention of the co-tenant paying it, and as all other co-tenants are entitled to the benefit of such payment, it is only right that they should refund to the one making it their proportion of the amount he has paid. (*Starks* v. *Kirchgraber*, 134 Mo.App. 211 [113 S.W. 1149].) This rule equally applies to expenditures other than taxes made for the common benefit.'' (*Willmon* v. *Koyer*, 168 Cal. 369, 374 [143 P. 694, L.R.A. 1915B, 961].) See, also, *Rich* v. *Smith*, 26 Cal.App. 775, 784 [148 P. 545]; *Jamison* v. *Cotton*, 136 Cal.App. 127, 129 [28 P.2d 39].

Respondents admit they have ''been unable to find any authority holding the cotenant personally liable for the expenses incurred by the other cotenant and, therefore (have) no objection to the modification of the judgment entered in the above-entitled action so that the judgment only constitute a lien on the real property and not a personal judgment against the plaintiffs and cross-defendants.''

For the foregoing reasons, the judgment is modified by striking paragraph 3 thereof, to wit: ''3. That the defendant and cross-complainant, Genevieve E. Sharpe, have judgment against the plaintiffs and cross-defendants, Florence M. Conley and Vivian Conley, in the sum of nine hundred four dollars and sixty-eight cents ($904.68), which said sum is a lien and encumbrance upon the real property described as follows: Lot 369, Tract 3992, as per map recorded in book 42, page 67 of Maps, in the office of the County Recorder of Los Angeles County, State of California;'' and by inserting in lieu thereof the following: 3. That the defendant and cross-

complainant, Genevieve E. Sharpe, have judgment in the sum of four hundred fifty-two dollars and thirty-four cents ($452.34), which sum is a lien and encumbrance upon the one-half interest of plaintiff and cross-defendant, Florence M. Conley, in Lot 369, Tract 3992, as per map recorded in Book 42, page 67 of Maps, in the office of the County Recorder of Los Angeles County, State of California; and with such modification, the judgment is affirmed.

Doran, J., and White, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 10, 1943.