STARKS et al., Appellants, v. KIRCHGRABER, Respondent.

St. Louis Court of Appeals, November 17, 1908.

1. **COTENANTS: Accounting for Rents.** Where one tenant in common occupies the whole estate without any claim on the part of his cotenants to be admitted into possession and without any hindrance to his possession, the occupying tenant is not liable to his cotenants in an action for accounting.

2. ———: ———: **Ouster.** Where one of several tenants in common ousts his cotenants, he must account to them for their proportionate share of the rents and profits of the estate while he is in possession and they are out, and it is immaterial whether the premises were occupied by the tenant himself or leased to a stranger.

3. ———: ———: ———. In an action by several tenants in common against a cotenant, who had ousted them of possession, for an accounting of the rents and profits for a period of several years, in which action the defendant filed a set-off for taxes paid during the period, and where a most favorable construction of the evidence shows that the portion of the

rents received to which the plaintiffs were entitled exceeded their proportion of the taxes, a judgment for the defendant will be reversed.

4. ————: ————: ————: **Paying Taxes.** Where an occupying tenant who had ousted his cotenants paid taxes on the land while in his possession, he could recover the proportionate share of such taxes from his cotenants because such taxes were a lien against the land and the discharge of such lien inured to their benefit.

5. ————: ————: ————: **Statute of Limitations.** Where several tenants had been ousted by their cotenant, the Statute of Limitations began to run from that time against them in an action for an accounting for the rents and profits, so that they could not recover for the rents and profits, in such an accounting, which had accrued more than five years prior to the beginning of their action and after the ouster, provided the Statute of Limitations was pleaded; likewise the defendant in a set off for taxes paid could not recover for such taxes paid more than five years before the beginning of the suit.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

REVERSED AND REMANDED.

*O. T. Hamlin* for appellants.

*Wright Bros. & Blair* for respondent.

NORTONI, J.—This is a suit in equity for an accounting of rents and profits. Plaintiffs, who are tenants in common with the defendant, of a certain parcel of land, filed their bill in the circuit court calling upon the defendant to account to them for rents and profits accrued by the act of defendant in renting the common estate to a stranger. Upon a hearing, the court found the issues for the defendant and the plaintiffs appeal. The several plaintiffs and defendant were tenants in common of a small parcel of land consisting of about four acres adjacent to the city of Springfield, Missouri. The plaintiffs owned four-sixths of the land and the defendant owned two-sixths thereof. The de-

fendant set up a claim to the entire estate, denied the right of the plaintiffs as tenants in common with her and caused them to be forcibly ousted from the common estate on the first day of April, 1899. On the same day, the defendant rented the premises to a tenant and installed him in possession. The defendant retained possession of the premises through her tenant for a period of six years and seven months, and until about the first day of November, 1905. After having been ousted, plaintiffs instituted a proceeding under the statute against the defendant to quiet title as a result of which their rights in the premises were reinstated by a decision of the Supreme Court in 1905. [See Starks v. Kirchgraber, 186 Mo. 633.] The law with respect to the rights of tenants in common is well-settled in this State to the effect that if one tenant in common occupies the whole estate without any claim on the part of the cotenants to be admitted into possession, and without hindrance to him of such possession, the occupying tenant is not liable to his cotenants in an action of account. The reasoning of the law in respect of this proposition is stated in the following language by Judge SCOTT in Regan v. McCoy, 29 Mo. 356-367:

"Each tenant is entitled to the possession, and may enter and enjoy if he will. As each tenant is entitled to his share of every part of the undivided premises, one tenant cannot gain an exclusive right to any part of them. He may enter and enjoy a portion less than his share, yet the other tenants will be entitled to their share of that portion, as each tenant is seized of his portion of every part of the undivided premises; so that if the law were otherwise, one tenant might refuse to enter, and the other could not enjoy any portion, even one less than his share, without making himself liable to the others for a share of the profits, and that without regard to the fact whether the occupation was beneficial or otherwise to the premises.

Of course, if one cotenant ousts another, he will be liable in an ejectment, or subject himself to the law of forcible entries. But where the land is free to all, and each may enter if he will and enjoy his rights undisturbed, there is no reason in compelling him, who does enter, to pay rent to him who neglects or obstinately refuses to do so."

However this may be, where one of the tenants in common ousts his cotenants, as in this case, he may be held to account to them for their proportionate share of the rents and profits of the estate, and in such cases, it is immaterial whether the premises were occupied by the tenant himself or leased by him to a stranger. In such circumstances, it is sufficient to entitle the plaintiffs to recover in their action for an accounting of the rents and profits to show an ouster by their cotenant and his consequent possession, together with the reasonable value of the rents and profits for the period they were precluded from enjoying the fruits of the premises. [Bates v. Hamilton, 144 Mo. 1-13; In re Tyler, 40 Mo. App. 278-284; Sears v. Sellew, 28 Ia. 501; 17 Amer. and Eng. Ency. Law (2 Ed.), 694.] In the case at bar, it is conceded that the plaintiffs who owned four-sixths of the premises are tenants in common with the defendant who owns two-sixths thereof; that the plaintiffs were actually ousted by the defendant on the first day of April, 1899; and that the defendant thereupon entered into possession, let the premises to a tenant, and continued to so occupy the premises until about November 1, 1905. Upon these facts, it is difficult to perceive upon what theory the issues were found for the defendant, unless it be the court entertained the opinion that the reasonable value of four-sixths of the rents and profits were not more than an equivalent to, and should be set-off by a four-sixths portion of the taxes paid on the premises during the years the defendant held possession through her tenants. It is proper to say here that the defendant's

answer contained numerous items of account which she sought to set-off against the plaintiffs' claim for rents and profits. Upon a motion to that effect, all of these items were stricken out as improper matter of set-off, save and except the taxes paid by defendant on the common estate during the years the plaintiffs were excluded therefrom. The motion to strike out the portions of the answer mentioned, is not preserved in the bill of exceptions nor does there appear in the bill an exception to the ruling of the court in striking out the portions of the answer referred to. In these circumstances, the question as to the propriety of the action of the trial court in striking out the several items pleaded as set-off, is not open to review here. [Martin v. LeMaster, 63 Mo. App. 342; Kansas City v. Walsh, 88 Mo. App. 271; Jefferson City v. Opel, 67 Mo. 394.] The only matter of set-off contained in the answer subject to review in this court, is that pertaining to the taxes paid by the defendant on the common estate. The fact that all matters of set-off other than taxes, were stricken from the answer by the trial court, conclusively indicates, of course, that the taxes only were considered by the court as set-off in giving judgment for the defendant. This being true, the judgment should have been given for the plaintiffs at all hazards, for the reason it conclusively appears four-sixths of the rents and profits for six years and seven months exceeded by far four-sixths of the amount of taxes shown to have been paid by the defendant on the common estate during the period mentioned. There were two witnesses only who testified regarding the value of the rents and profits. One of these stated the reasonable value of the rents and profits to be from $150 to $175 a year. The other, on behalf of defendant, gave their value to be $5 per month, or $60 per annum. The statute of limitations was not pleaded by defendant against any portion of the rents and profits. It was therefore com-

petent to take them into account for the entire period. Upon the testimony of the witness most favorable to defendant, it appears the entire rents and profits for the period of six years and seven months amounted to $395. The statute of limitations not being invoked under the pleadings defendant should account for four-sixths of this amount to the plaintiffs; that is,   $263⅓, with interest. On the other hand, it appears the defendant paid $128.03 State and county taxes, $178.99 city taxes, and certain taxes and costs to the tax-attorney, in amount $11.15; a total of $318.17. . Plaintiffs were chargeable with four-sixths of this amount only; that is to say, they should have been charged with $212.11, with interest. It therefore appears, upon any theory of the case, the judgment should have been for the plaintiffs for a small amount, at least.

An argument is advanced by the plaintiffs to the effect that the taxes paid by defendant during the years of the plaintiff's disseizin are not a proper subject of set-off, for the reason they were paid by the defendant in her own behalf when she was holding possession and asserting a title adverse to the plaintiffs. We are not persuaded by this argument. In Missouri the statute affixes the taxes as an incumbrance on the lands, against which they are assessed, and gives a remedy on non-payment by enforcement of the lien of the State. If taxes are not paid when due the lien of the State may be foreclosed and the land sold to satisfy the judgment and costs. Although the defendant may have claimed the. entire estate at the time she paid the taxes and may have intended the payment to protect her own property only, nevertheless in each instance the payments resulted in the discharge of an incumbrance resting upon the entire estate in common. It is generally true that where one of several tenants in common of land relieves a burden resting upon the joint estate, he is entitled to a just contribution from the others to the end that the burden may be equal. The doctrine

rests upon a broad principle of natural justice to the effect that where one has discharged a debt or obligation which others were equally bound with him to discharge and has thus removed a common burden, the others who have received the benefit ought, in conscience, to refund to him a ratable proportion of the amount expended. [Van Petten v. Richardson, 68 Mo. 379; 7 Amer. and Eng. Ency. Law (2 Ed.), 326, 352, 354.] All tenants in common are under obligation to the extent of their respective interest to pay taxes on the common property, and it is the privilege, at least, of any one of them to pay the taxes assessed against the entire estate; and when the taxes are an incumbrance upon the land, as in this State, such payment by one of the cotenants essentially inures to the benefit of the remaining cotenants, whether the tenant paying the taxes intended such or not. A payment of the taxes discharges the lien of the State and renders the property secure from foreclosure and sale thereunder. In such circumstances, contribution is always allowed. [Chickering v. Faile, 38 Ill. 342; Sears v. Sellew, 28 Ia. 501; Hannan v. Osborne, 4 Paige (N. Y.) 336; 17 Amer. and Eng. Ency. Law (2 Ed.), 686; 7 Amer. and Eng. Ency. Law (2 Ed.), 354, 355.] Unlike many items of expenditure by the occupying tenant, the claim for contribution for taxes paid is one which can be enforced by suit on the part of the tenant who has paid the taxes. This claim, of course, does not lose its character by being declared upon in a set-off. [Dickinson v. Williams, 11 Cush. (Mass.) 258; Kites v. Church, 142 Mass. 586, 8 N. E. 743; Dewing v. Dewing, 165 Mass. 230, 42 N. E. 1128, 1129; Keen v. Connelly, 25 Minn. 222, 33 Amer. Rep. 458; Davidson v. Thompson, 22 N. J. Eq. 83; Hannan v. Osborne, 4 Paige (N. Y.) 326; Anderson v. Grebel, 1 Ashm. (Pa.) 136; 17 Amer. and Eng. Ency. Law (2 Ed.), 696.]

As stated above, the defendant failed to plead the Statute of Limitations against any portion of the plain-

tiffs' claim. Plaintiffs, in their reply, pleaded the statute against the defendant's claim for reimbursement on account of the taxes paid by her. In view of the fact that the case will be remanded for further proceedings, it is proper to consider the question of limitations from the standpoint of either party. The party not being under disability, the Statute of Limitations commences to run when the particular cause of action accrues. Generally speaking, especially in those jurisdictions where the rule of the statute of Anne obtains, the statute does not run between tenants in common prior to demand and refusal or its equivalent; and this, for the reason that until demand and refusal, or the equivalent, a confidential relation exists. In such cases, the occupying tenant is regarded as the agent; or, under the statute of Anne, the bailiff of the remaining cotenants. [17 Amer. and Eng. Ency. Law (2 Ed.), 696.] However this may be, in every case, either within or without the influence of the statute of Anne, we believe the rule to be that the Statute of Limitations does begin to run from the time one cotenant denies the right of his cotenants in common and thereby severs the trust relation. Upon one tenant in common denying the right of his cotenants, the confidential relation is destroyed and they become adversaries at once. And so it is, as in this case, where an actual ouster by one tenant under a claim of superior right, is had, the right of action against the outsing tenant accrues in favor of the tenant ousted and the running of the statute of limitations commences *eo instanter*. [Almy v. Daniels, 15 R. I. 312-319; Northcutt v. Casper, 6 Ired. Eq. (N. C.) 303; Jolly v. Bryan, 86 N. C. 457; Robinson v. Robinson, 173 Mass. 233; Huff v. McDonald, 22 Ga. 131; 17 Amer. and Eng. Ency. Law (2 Ed.), 696, 697.] It therefore appears that on the date of the ouster, April 1, 1899, a cause of action in ejectment accrued to these plaintiffs against the present defendant, against which cause of action the Statute of

Limitations was immediately set in motion. In this action for an accounting of the rents and profits, the running of the statute would be deferred, of course, until the first rents became due and a cause of action therefor accrued. If the rents were collected monthly, then the statute would commence to run against the plaintiff's right to an accounting at the end of the first month. A like rule obtains with respect to the year, if the rents were payable at the end of the year. It appears that the right of plaintiffs to recover for some of the rents and profits at least, is barred by the Statute of Limitations if that statute were invoked in the answer against the right.

As to the question of limitation against the payment of taxes declared upon as a matter of set-off. Now if the Statute of Limitation obtains with respect to the right of plaintiffs to recover for rents and profits and precludes a portion of the matter of account in their favor, the most elementary principles of natural justice would, of course, dictate that it should obtain alike with respect to such items of account contained in defendant's answer as accrued more than five years before the institution of this suit. The defendant's right of contribution on account of taxes paid by her accrued on the date the taxes were paid. It appears that numerous payments of taxes were made by her more than five years before the institution of the present action. The defendant's right of recovery on those items is precluded by the statute. [Keen v. Connelly, 25 Minn. 222-228.] The defendant may amend her answer and plead the statute as to such of the rents and profits as are barred thereby, if she is so advised. If the answer is so amended in taking the account, the court should reckon with the Statute of Limitations as it affects the rights of either party to the action.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.