[L. A. No. 3338.   Department Two.—October 1, 1914.]

## J. C. WILLMON, Respondent, v. A. S. KOYER, Appellant.

TENANCY IN COMMON—PARTITION—CONTRIBUTION FOR EXPENSES ON ACCOUNT OF PROPERTY—LIMITATION OF ACTIONS.—In an action for partition the plaintiff cannot have an accounting and contribution from his cotenant for the latter's proportionate part of expenditures made by the plaintiff for the benefit of the common property, if the expenditures were made more than two years prior to the commencement of the action and after the plaintiff had repudiated the existence of the cotenancy.

ID.—COTENANCY—STATUTE OF LIMITATIONS—WHEN COMMENCES TO RUN.—The statute of limitations operates between tenants in common as to causes of action existing between them and growing out of the cotenancy to the same extent that it operates upon causes of action between parties not within that relation; and when there is a repudiation of the cotenancy, from that date the statute begins to run, both as to the right of possession and the right to an accounting.

ID.—OUSTER OF COTENANT—REPUDIATION OF COTENANCY—RUNNING OF STATUTE OF LIMITATIONS.—Where a cotenant takes the conveyance of the property in his own name, asserts absolute right to and assumes exclusive possession thereof, and through years of litigation excludes his cotenant from her rights with him and repudiates the existence of any cotenancy, the parties become adversaries, and as to any right or cause of action growing out of the cotenancy relationship which may be asserted by either against the other, the statute of limitations immediately begins to run.

ID.—EXPENDITURES BY COTENANTS—WHEN RIGHT TO DEMAND FOR CONTRIBUTION ACCRUES.—The right of a cotenant, who makes payment for expenditures on the common property in excess of his proportion, to recover from the other cotenant his share thereof, arises at the date when the expenditures are made.

ID.—CONTRIBUTION FOR EXPENDITURES—RIGHTS OF CO-OWNER WHO HAS REPUDIATED COTENANCY.—The plaintiff in an action for partition, although he has repudiated the cotenancy, is entitled to contribution for expenditures made within two years of the commencement of the action, for taxes, street assessments, and attorney's fees in defending actions brought by a third person affecting the common property.

ID.—INTEREST ON AMOUNT EXPENDED—RIGHT OF COTENANT TO RECOVER. But such plaintiff is not entitled to interest on the expenditures, prior to the entry of judgment determining the liability of the defendant for contribution.

CLXVIII Cal.—24

Id.—Contribution Between Cotenants—When a Matter of Right.—
When one tenant in common has paid a debt or obligation for the
benefit of the joint property, or has discharged a lien or assessment
imposed upon it as a common burden, he is entitled, as a matter of
right, to have his cotenant, who has received the benefit of it, refund
to him his proportionate share of the amount paid.

Id.—Taxes—Duty of Cotenant to Pay—Effect of Payment by One
Co-owner—Right to Contribution.—In proportion to their inter-
ests all tenants in common are in duty bound to pay taxes. Either
of them may pay the taxes assessed against the whole estate, and
such payment discharges the lien imposed upon the common inter-
est; and no matter whether the tenant paying them intended the
payment to be for his own benefit or not, such payment in fact
and in law essentially inures to the benefit of the other cotenants.
It discharges the lien against the common estate for the common
benefit, independently of any intention of the cotenant paying it;
and as all other cotenants are entitled to the benefit of such pay-
ment, they should refund to the one making it their proportion of
the amount he has paid.

Id.—Lien for Contribution—When Chargeable on Share Allotted
to Cotenant.—In an action for partition and for an accounting for
expenditures made by the plaintiff for the benefit of the common
property, it is proper to charge the portion of the property assigned
to the defendant with a lien for the payment of the amount found
to be due from him to the plaintiff on account of such expenditures.

APPEAL from a judgment of the Superior Court of
Los Angeles County and from an order refusing a new trial.
Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Robert Young, for Appellant.

S. J. Parsons, T. O. Toland, L. W. Andrews, and C. E.
Johnson, for Respondent.

LORIGAN, J.—Defendant appeals from a decree in parti-
tion of a lot owned by the parties as tenants in common, and
from an order denying his motion for a new trial.

Plaintiff, in addition to asking for a partition of the prop-
erty, prayed for an accounting between himself and defendant
and a judgment in his favor for one-half of certain moneys
claimed to have been paid by him for the common benefit of
the joint property, and that a lien be fixed on the portion of

the property set apart to defendant to secure its payment. The court decreed a partition and found that plaintiff had made the expenditures claimed to the extent of $1045.60; that defendant was liable for one-half thereof—$522.80—gave judgment in favor of plaintiff therefor, and established the lien as prayed for.

The only question presented on the appeal from the order denying defendant a new trial is relative to the validity of this allowance; and on the appeal from the judgment the validity of the lien to secure its payment.

The expenditures claimed to have been made by plaintiff consisted entirely of the payment of taxes, a street assessment and attorney's fees in defending an action brought by a third party affecting the common property, all paid at different dates between December 19, 1902, and October 26, 1909. There were no rents or profits from the cotenancy property. There is no dispute as to the correctness of the amounts paid out by plaintiff nor the fact of their payment. The claim of defendant is that by reason of certain facts set up in his answer and found in his favor by the court no allowance in the nature of contribution by defendant for one-half of these expenditures should have been awarded at all, and, in any event, the right of plaintiff to the greater part of them, if it ever existed, was barred by the statute of limitations (Code Civ. Proc., sec. 339, subd. 1), which defendant had appropriately pleaded. These facts relied on by the defendant are, that after plaintiff and defendant, in May, 1902, had entered into an agreement between them to purchase the lot involved in the partition for their joint benefit, plaintiff violated the agreement, took title to the whole property in his own name, asserted ownership to the entire lot in himself, and repudiated all claim of the defendant to any interest therein; that in August, 1903, defendant brought an action to establish his title as joint owner with plaintiff in said property, which plaintiff resisted, claiming that he was the sole owner thereof and that defendant had no interest therein; that such litigation continued until January 10, 1910, when a judgment establishing the title of defendant to one-half of said lot as tenant in common with plaintiff was entered; and that in establishing his title to said property he was compelled to expend in counsel fees and costs a large sum of money. This action in partition and for an accounting was commenced by plaintiff March 30, 1910, a few months

after the final judgment in favor of defendant just referred to was entered. Under these facts as found the position of defendant is that the court should have further found that all the items of expenditure made by the plaintiff up to two years prior to the bringing by him of this action in partition, as far as it involved an accounting between the parties, were barred by the statute of limitations which defendant pleaded, but on which the court found against him. We are satisfied that this contention of appellant based on the statute of limitations is well taken. That statute operates between tenants in common as to causes of action existing between them and growing out of the cotenancy relation, to the same extent that it operates upon causes of action between parties not within that relation. While there is some difference in the authorities as to when it begins to run as to actions arising from the cotenancy, there is a uniform agreement in them that when there is a repudiation of the relation of cotenancy, from that date the statute begins to run, both as to the right of possession and the right to an accounting. Here the plaintiff, from the time that it was claimed by defendant that such cotenancy existed, denied any such relation; took the conveyance of the property in his own name, asserted absolute right to and assumed exclusive possession of the cotenancy property, and through a litigation of years excluded the defendant from her rights as a cotenant with him and repudiated the existence of any such cotenancy. Under such circumstances the parties became adversaries, and as to any right or cause of action growing out of the cotenancy relationship which might be asserted by either against the other, the statute of limitations immediately began to run. As an incident to cotenancy relationship either cotenant has a right to demand of the other an accounting as to rents and profits of the cotenancy, which, of course, involves the right of one cotenant to have refunded to him by the other his proportion of any expenditures made for the benefit of the common property. The right to this accounting as to rents and profits inures to either cotenant as soon as the other has collected them, and the right to demand a proportionate share and maintain an action therefor on refusal to pay it then arises. So, also, as to the right of contribution. The right of the cotenant making the payment in excess of his proportion to recover payment from the other cotenant, his share thereof, arises at the date when any such expenditure

is made. Here the plaintiff had repudiated the existence of any cotenancy before any expenditures for which he claims contribution had been made, and was still repudiating it when all of them were made. This ouster of the defendant as a cotenant set the statute of limitations in motion for all purposes, not only as to the title and right of possession of the common property, but equally as to the right to demand an accounting for rents and profits, or contribution, as incidents to its existence. If the defendant, after notice of such repudiation, and more than two years after the receipt of rents and profits of the cotenancy property by plaintiff, if such had been received, or more than two years after defendant himself had made expenditures for the common benefit, had brought an action against plaintiff for an accounting or contribution, there can be no question but what plaintiff could have successfully pleaded the statute of limitations. It had been set in motion by him through his repudiation of any cotenancy between them and effectually barred any right which might have accrued to defendant more than two years before an action brought by him. Now as the defendant would be barred from asserting any rights against the plaintiff growing out of the cotenancy by the running of the statute as to all claims accruing more than two years before action brought by him, the benefit of the statute must be equally available to the defendant as to claims asserted against him by plaintiff accruing more than two years prior to the commencement of this action. The statute of limitations having commenced to run by the repudiation of the existence of the cotenancy by plaintiff, affected the right of either party to the action equally. Under this view the trial court in this action should have found that the right of plaintiff to recover contribution from defendant for his proportion of items of expenditures stated in the account and which were made more than two years prior to the bringing of this action, was barred by the statute of limitations invoked by defendant. As it is unquestioned that the amount of expenditures made by plaintiff during this period and allowed against defendant amounted to $371 the court should have disallowed them, and erred in not doing so.

The rest of the payments made by plaintiff and allowed by the court were made within two years of the bringing of this action by plaintiff and are not affected by the statute. As to these, however, defendant contends that plaintiff should not

be allowed them because they were made by him in his own behalf while repudiating any interest of defendant as a co-tenant in the property and asserting exclusive title in himself. While undoubtedly this was the attitude of plaintiff toward defendant, we do not think that this affords sufficient cause for denying him contribution. The rule is that when one tenant in common has paid a debt or obligation for the benefit of the joint property, or has discharged a lien or assessment imposed upon it as a common burden, he is entitled as a matter of right to have his cotenant, who has received the benefit of it, refund to him his proportionate share of the amount paid. As a matter of fact this property was joint property when these taxes and other charges against it were paid by plaintiff. In proportion to their interests all tenants in common are in duty bound to pay taxes, which in this state are a lien upon real property and their nonpayment subjects the land to sale in satisfaction of them. Either of the cotenants may pay the taxes assessed against the whole estate, and such payment discharges the lien imposed upon the common interest, and no matter whether one tenant paying it intended the payment to be for his own benefit or not, such payment in fact and in law essentially inures to the benefit of the other cotenants; it discharges the lien against the common estate for the common benefit, independent of any intention of the cotenant paying it, and as all other cotenants are entitled to the benefit of such payment, it is only right that they should refund to the one making it their proportion of the amount he has paid. (*Starks* v. *Kirchgraber*, 134 Mo. App. 211, [113 S. W. 1149].) This rule equally applies to expenditures other than taxes made for the common benefit.

The court allowed the plaintiff interest on all the expenditures from the date of payment of each by plaintiff. As we hold that part of these expenditures are barred by the statute of limitations, the question of interest only applies to those which we conclude were properly allowed. But as to those we are satisfied no interest should have been allowed. As a general rule in cotenancy accounting, a tenant making payments is only entitled to interest after a demand on his cotenant for contribution. Here of course if the defendant had offered payment plaintiff would have refused it, because the acceptance would have been in derogation of his claim of non-existence of the cotenancy. On the other hand he could not

consistently have made demand while repudiating the cotenancy, and in fact he made no demand until this action was brought.    Under these circumstances plaintiff was not entitled to interest prior to the entry of judgment determining the liability of defendant for contribution.

On the claim that the court should not have charged the portion of the property assigned to defendant on partition with the lien for the payment of the amount found to be due plaintiff from defendant.    There is no merit in this claim.

It was an appropriate judgment to enter under the pleadings. In fact it is always appropriate to do so in partition as the only effectual way to secure a cotenant making advances and obtaining judgment therefor.

The judgment and order appealed from are reversed.

Henshaw, J., and Melvin, J., concurred.