[Civ. No. 1463. Fourth Appellate District.—December 30, 1933.]

A. C. JAMISON, Respondent, v. H. H. COTTON, Appellant.

Hickcox, Thomson & O'Connor for Appellant.

Chandler, Wright & Ward and Gail J. Burck for Respondent.

WARMER, J., *pro tem.*—The plaintiff, defendant and one Ole Hanson were the owners of a certain tract of land in Los Angeles County. Jamison, the plaintiff, owned a one-half interest, Cotton, the defendant, one-fourth and Ole Hanson one-fourth thereof. There was a mortgage against said real property in the sum of $65,000, dated March 1, 1928, with interest at the rate of seven per cent per annum payable quarterly. It was understood and agreed between the owners thereof that they and each of them would individually be responsible for their proportionate shares of the taxes on said property and the interest accruing under and by virtue of the terms of said mortgage. On the sixteenth day of April, 1931, plaintiff, A. C. Jamison, paid to the tax collector of the county of Los Angeles the sum of $776.17. One hundred and ninety-four dollars and four cents of such sum so paid was the share of said taxes due and payable by the defendant H. H. Cotton and such sum was paid by the plaintiff for and on behalf of defendant Cotton. On the first day of June, 1931, plaintiff paid the holder of said mortgage the sum of $1,056.25, representing the interest due on account of said mortgage. Two hundred and sixty-four dollars and six cents of said sum of $1,056.25 was the share of interest due and payable by the defendant Cotton and was paid by plaintiff for and on behalf of said defendant. The payments and each of them were made by

the plaintiff Jamison without the consent of the defendant, and over his objection. The trial court gave judgment for the plaintiff for the amount so paid and defendant appeals.

The sole question presented on this appeal is whether or not a cotenant can escape or avoid the liability for interest and taxes due from him and constituting a lien against the entire property by objecting to the payment thereof by another cotenant.

In the case of *Willmon* v. *Koyer*, 168 Cal. 369 [143 Pac. 694, L. R. A. 1915B, 961], the court said:

"The rule is that when one tenant in common has paid a debt or obligation for the benefit of the joint property, or has discharged a lien or assessment imposed upon it as a common burden, he is entitled as a matter of right to have his cotenant, who has received the benefit of it, refund to him his proportionate share of the amount paid. As a matter of fact this property was joint property when these taxes and other charges against it were paid by plaintiff. In proportion to their interests all tenants in common are in duty bound to pay taxes, which in this state are a lien upon real property and their nonpayment subjects the land to sale in satisfaction of them. Either of the cotenants may pay the taxes assessed against the whole estate, and such payment discharges the lien imposed upon the common interest, and no matter whether one tenant paying it intended the payment to be for his own benefit or not, such payment in fact and in law essentially inures to the benefit of the other cotenants; it discharges the lien against the common estate for the common benefit, independent of any intention of the cotenant paying it, and as all other cotenants are entitled to the benefit of such payment, it is only right that they should refund to the one making it their proportion of the amount he has paid. (*Starks* v. *Kirchgraber*, 134 Mo. App. 211 [113 S. W. 1149].) This rule equally applies to expenditures other than taxes for the common benefit."

In this case recovery was sought by one cotenant against another because of the payment of certain taxes for and on behalf of the other cotenant.

In *Rich* v. *Smith*, 26 Cal. App. 775, 784 [148 Pac. 545], the decision makes the aforesaid rule applicable to a payment of interest accruing under and by virtue of the terms

of a mortgage and reaffirms the rule stated above in the case of *Willmon* v. *Koyer, supra.*

In *Starks* v. *Kirchgraber, supra,* the court says:

"It is generally true that, where one of several tenants in common of land relieves a burden resting upon the joint estate, he is entitled to a just contribution from the others, to the end that the burden may be equal. The doctrine rests upon a broad principle of natural justice to the effect that where one has discharged a debt or obligation which others were equally bound with him to discharge, and has thus removed a common burden, the others who have received the benefit ought, in conscience, to refund to him a ratable proportion of the amount expended (citing cases). All tenants in common are under obligation to the extent of their respective interest to pay taxes on the common property, and it is the privilege at least of any one of them to pay the taxes assessed against the entire estate; and when the taxes are an incumbrance upon the land, as in this state, such payment by one of the cotenants essentially inures to the benefit of the remaining cotenants, whether the tenant paying the taxes intended such or not. A payment of the taxes discharges the lien of the state, and renders the property secure from foreclosure and sale thereunder. In such circumstances contribution is always allowed. (Citing cases.)"

The right or privilege of one cotenant to pay taxes and liens chargeable upon the whole estate seems to be well settled as a rule of law and the right to recover the amount thereof which was in fact for the benefit of his cotenant seems equally well established. The right to a ratable contribution from his cotenant is thus established. In none of the cases cited do the courts pass upon what the effect is on such right when the payment is made without the consent and against the will of the other cotenant. We fail to see how the conduct or declaration of a cotenant could affect a right established by the imposition of the lien and the payment thereof under legal right, in the absence of any agreement to that effect between the cotenants at least. No such agreement is here claimed. To hold that a cotenant, who did not wish to pay his taxes and accruing payments of interest on a mortgage, a lien upon the premises, could avoid the right of his cotenant for a ratable contribution would in

effect place his cotenant in the position of subjecting his interest in the property affected by the lien to sale if he failed to pay the taxes or accruing payments under the terms of the said mortgage or become a mere volunteer in the payment of his cotenant's taxes and accruing interest. Hence, without a right of recovery in any manner, such a rule, if established, would become an effectual means for one cotenant to legally compel the other to bear the burdens justly cast upon the defaulting cotenant, and deprive the one who made the payment, according to the tenure of the lien, of a right or privilege arising out of their relationship. With such contention we cannot agree. The right arises out of the legal relationship, coupled with the fact that there is a lien upon the premises belonging to the cotenants and the payment by one of them of the whole or a portion of said lien, thereby discharges the same just as effectually for his cotenant whether he agrees or fails to agree to the payments made. The defaulting defendant has received the benefit of the discharge of the lien, irrespective of what gave rise to the payment by his cotenant. The payment of the tax or lien against the premises gives rise to the corresponding right of recovery ratably as against the defaulting cotenant, which right cannot be taken away from the cotenant who makes the payment and discharges the lien of the tax or payments accruing under the mortgage, by any act or declaration of the defaulting defendant in the absence, at least, of an agreement to the contrary. (*Willmon* v. *Koyer, supra.*)

The case of *Switzer* v. *Switzer*, 57 N. J. Eq. 421 [41 Atl. 486], relied upon by appellant, is not in point.

For the foregoing reasons the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.