[Civ. No. 15269. Second Dist., Div. Three. July 30, 1946.]

F. F. DOANE, Appellant, v. DAISY D. HOOPER et al., Respondents.

William Ellis Lady for Appellant.

Paul J. Otto and Irvin C. Evans for Respondents.

DESMOND, P. J.—Plaintiff, claiming title to an undivided one-half interest in Lot 8, Block 9, Tract 1589, county of Los Angeles, named as defendants in an action to quiet title, Daisy D. Hooper, widow of C. E. Hooper, J. Sherwood Dresser

and his wife, Lura H. Dresser, Otto Lande and Tressie M. Lande, husband and wife, and several other individuals who need not be mentioned since they have been eliminated by stipulation or quitclaim. The complaint also asked for an accounting. A first amended complaint filed after a demurrer was sustained made it appear from its caption that the suit was also "To DECLARE A RESULTING TRUST IN REAL PROPERTY." This item of the caption was continued into the third amended complaint upon which the cause finally was heard. The trial resulted in a judgment in favor of plaintiff as to title to an undivided one-half interest in said Lot 8, subject to the right of defendants Lande to receive a deed to the west 44 feet of Lot 8 upon the payment of $1,706.39, balance due under a contract of purchase, which payment Mr. and Mrs. Lande tendered into court. The judgment also settled the account in favor of plaintiff but he appeals from the entire judgment for the apparent reason that the trial court in determining the sum of money to be credited to him refused to consider any payments which might have been made prior to January 31, 1939, upon the Lande contract or for rental accruing prior to that date from the use and occupation of said Lot 8 exclusive of the Lande parcel.

The reason for the refusal appears in paragraph XVI of the Findings of Fact, reading as follows: "The Court further finds that prior to the death of C. E. Hooper on January 31, 1939, the defendant Otto Lande paid to said C. E. Hooper certain moneys as reflected on the back of said Lande contract, but the Court further finds that neither defendant Daisy D. Hooper nor defendant Lura H. Dresser received any of said sums and the Court finds that plaintiff is entitled to no credit for the same." A preceding finding throws light upon the reasoning of the trial judge. We copy it here:

"The Court further finds that Charles Edward Hooper, also known as Charles E. Hooper, and also known as C. E. Hooper, died on January 31, 1939, leaving surviving him the defendant Daisy D. Hooper as his widow and the defendant Lura H. Dresser as his daughter.

"The Court further finds that the estate of the said Charles E. Hooper, deceased, was duly probated and administered in the Superior Court of the State of California, in and for the County of Los Angeles; that during the said C. E. Hooper's life he made all collections covering the described property and was solely and exclusively in complete possession and

management thereof and that the plaintiff made no demand on the said C. E. Hooper during his lifetime for an accounting covering the plaintiff's undivided one-half interest in and to said described premises and did not file at any time a claim against the said Estate of Charles Edward Hooper, etc., deceased, for any moneys alleged to be due him by reason of said plaintiff's alleged undivided one-half interest in and to said premises, and that as a tenant in common of the said C. E. Hooper and the said Daisy D..Hooper it was the duty of the said plaintiff to file his claim for any amounts due him with the administratrix of the said Estate of Charles Edward Hooper, also known as C. E. Hooper, deceased; and that the statute of limitations has run upon any claims or demands of plaintiff for money collected by said C. E. Hooper to January 31, 1939.'' Another finding was to the effect that Lande had no constructive or actual notice that the plaintiff was the owner or claimed to be the owner of an undivided one-half interest in Lot 8.

From the fact that the court found that the plaintiff was a tenant in common with Mr. and Mrs. Hooper and that as such cotenant it was his duty to file against the estate of Charles E. Hooper for any amounts due him see, 14 Am.Jur. 158, citing *Willmon* v. *Koyer* (1914), 168 Cal. 369 [143 P. 694, L.R.A. 1915B 961]), it is apparent that the trial judge did not consider that the relationship between him and Mesdames Hooper and Dresser arose from a resulting trust. We believe that under the conditions hereinafter detailed he correctly determined that the relationship was that of debtor and creditor, and since ''A debt is not a trust'' (Rest., Trusts, § 12) the accounting was properly taken upon the latter basis.

The record indicates that in 1924 Mr. Doane and Mr. Hooper agreed to purchase Lot 8 from a Mr. and Mrs. Dunson, each contributing one-half of the purchase price. These men were brothers-in-law, Mrs. Hooper being the sister of plaintiff. At the time of trial and for several years previously she had been an inmate of various institutions and by reason of old age and infirmity had become incompetent. Her daughter, Mrs. Dresser, was appointed her guardian and was substituted in her stead as a defendant in this action.

Mr. Doane testified that at the time of trial he was 69 years of age and, judging from the record, was quite hazy in his memory as to events following the year 1924. He could not swear as to what the purchase price of Lot 8 was, saying that

"This has been a good many years and my recollection is not clear." He also stated that he believed that he and Mr. Hooper paid $2,500 for the lot; that "It would be possible that I paid $2500.00 instead of $1250.00, as half of the purchase price. I can't remember just how it was. Q. But you know you paid at least half? A. I paid half of it, yes." He produced several checks of an early date, one of them indicating that he had contributed $400 toward the purchase of a small green house which was placed upon Lot 8, and a few checks in the sum of $7.50 which he said he paid to Mr. Hooper as one-half of the rents collected by him at the rate of $15 per month. Whether Mr. Doane contributed his one-half of the purchase price of the Dunson property in a single payment or over a period of months or years does not appear. According to his testimony, title to Lot 8 was taken in the names of Mr. and Mrs. Hooper for the reason that his wife held her property separately and in order that his property might not become confused with hers it was agreed that Mr. and Mrs. Hooper would take the sole title to Lot 8 in their names but with recognition of his right of ownership to one-half thereof. ■ More than a dozen years after April 5, 1924, the date when the Dunson deed was recorded, Mr. and Mrs. Hooper delivered a deed, dated September 1, 1936, to Mr. Doane, conveying to him an undivided one-half interest in and to Lot 8. This deed was recorded on September 10, 1936. It effected a merger of any legal and equitable title which Mr. Doane may have claimed in Lot 8 and terminated any trust relationship that might have existed prior to that time. (Rest., Trusts, §§ 340-410; see *Zakaessian* v. *Zakaessian* (1945), 70 Cal.App.2d 721, 724 [161 P.2d 677].)

■ Under date of June 26, 1945, a stipulation was entered into by counsel in this case, stating "That since January 31, 1939, defendants Daisy D. Hooper and Lura H. Dresser received into their hands for the use and occupation of the whole of said Lot 8 the total sum of $1271.00 up to and including July 19, 1945." This stipulation is recorded in Finding of Fact No. XIX, in which finding the court also determined that there had been contributions toward improvement of the property, payment of taxes, etc., by the plaintiff in the sum of $706.34, and by Mrs. Hooper and Mrs. Dresser in the sum of $282.17. In Finding XIII, the court determined that between January 31, 1939 (the date of Mr. Hooper's death) and the time of

trial, Otto Lande paid to Mrs. Hooper and Mrs. Dresser upon his contract the sum of $1,528.89. To substantiate this finding the court had available, as an exhibit, the contract and a list of payments attached thereto. The two items of gross receipts, $1,271 from rentals and $1,528.89 from Lande, aggregate $2,799.89. The court, recognizing the contribution of $706.34 by the plaintiff and $282.17 by Mrs. Hooper and Mrs. Dresser, settled the account in accordance with its Conclusion No. IV, reading as follows:

"That the defendants Daisy D. Hooper and Lura H. Dresser, having received $2,799.89 and being entitled to credits totaling $282.17, are accountable for the net amount of $2,517.72; that plaintiff is entitled to $706.34, which should be paid out of the $1,706.39 due from the defendants Lande; that $1,000.05, being the remainder thereafter due from the defendants Lande, is an asset of the co-tenancy; that the total net assets of the co-tenancy are the sum of $2,517.72 and $1,000.05, or $3,517.77, of which the plaintiff is entitled to one-half, or $1,758.88, and the defendants Daisy D. Hooper and Lura H. Dresser are entitled to the other half; that the plaintiff is entitled to receive the said $1,000.05 from the defendants Lande and have judgment against the defendants Daisy D. Hooper and Lura H. Dresser for $758.83; that the plaintiff is entitled to recover his costs against said defendants Hooper and Dresser, and the defendants Otto Lande and Tressie M. Lande are entitled to recover their costs against the plaintiff and against said defendants Hooper and Dresser."

Judgment was entered accordingly and included a provision that Mr. and Mrs. Lande, upon paying to the county clerk the balance due upon their contract, should receive a deed to the west 44 feet of Lot 8, Block 9, Tract 1589, together with the policy of title insurance called for by their contract.

We find no error in the proceedings and the judgment is affirmed.

Shinn, J., and Wood, J., concurred.

A petition for a rehearing was denied August 23, 1946, and appellant's petition for a hearing by the Supreme Court was denied September 19, 1946. Carter, J., voted for a hearing.