## GHIRARDELLI *v.* McDERMOTT.

A VERIFIED answer, which, in any part contains a distinct denial of a fact material to plaintiff's recovery, cannot, whatever its defects, be treated as a nullity so as to entitle plaintiff to judgment on the pleadings.

As between the parties to a sale of goods on store in a warehouse, the delivery of an order on the warehouseman for the goods by the seller to the buyer is a delivery, and passes the title to the latter so as to render him liable for the price.

Where a sale of goods was made through a broker and perfected by delivery of an order for the same upon a warehouseman, which order the buyer shortly after returned to the broker to deliver to the seller, with notice that the goods would not be taken, and the broker tendered the order to the seller, who refused to receive it: *held*, that the broker, in receiving the order from the buyer, acted as his agent, and that the reception of it by him did not effect a rescission of the contract.

APPEAL from the Fourth Judicial District.

The complaint, which is verified, alleges a sale and delivery of two hundred mats of rice to defendant at San Francisco, for which he promised to pay eight hundred and fifty dollars. The answer, also verified, in its first clause denies, in a conjunctive form, the allegations of the complaint as to a sale and delivery at San Francisco of two hundred mats of rice at the price of eight hundred and fifty dollars; and in the second clause sets up a conditional purchase and avers a breach of the condition by plaintiff; and in a third clause, for a separate defense, denies that there was any delivery at any time or place of any rice by plaintiff to defendant. All other material facts are stated in the opinion. Defendant had judgment, and plaintiff appeals.

*R. R. Provines*, for Appellant.

I. The defendant's answer admits all the allegations of plaintiff's complaint, and the Court below erred in refusing plaintiff's motion for judgment on the pleadings, and also in nonsuiting plaintiff. (*Dewey* v. *Bowman*, 8 Cal. 149; *Blankman* v. *Vallejo*, 15 Id. 644; *Castro* v. *Wetmore*, 16 Id. 380; *Busenius* v. *Coffee*, 14 Id. 92, 93; *Burke* v. *T. M. Water Co.*, 12 Id. 407; *Ord* v.

*Uncle Sam,* 13 Id. 372 ; *Kuland* v. *Sedgwick,* 17 Id. 127 ; *Caulfield* v. *Saunders,* Id. 571 ; *Higgins* v. *Wortell,* 18 Id. 333.)

II.   The delivery of the order for the rice was a delivery of the rice, sufficient, as between the parties, to vest the title in defendant.   (Story on Sales, Secs. 311, 312, p. 250 ; *Horr* v. *Barker,* 8 Cal. 613, 614 ; *Wilkes* v. *Ferris,* 5 Johns. 335 ; *Hollingsworth* v. *Napier,* 3 Caines, 185 ; *Harman* v. *Anderson,* 2 Camp. 243 ; *Manton* v. *Moore,* 7 Term, 67 ; *Chapman* v. *Searle,* 3 Pick. 38 ; *Tuxworth* v. *Moore,* 9 Id. 349 ; *Linton* v. *Butz,* 7 Barr, 89 ; *Pleasants* v. *Pendleton,* 6 Rand. 473 ; *Clark* v. *Rush,* 19 Cal. 396 ; Hilliard on Sales, 95, Secs. 9–11.)

The case of *Stevens* v. *Stuart* (3 Cal. 143) recognizes the doctrine that the delivery of an order for the goods is a delivery of the goods, where it can be followed by actual delivery—such, as appears from the evidence, could have been made in this case, had the order ever been presented to the person in whose charge the goods were.   But the order never was presented, nor was the rice ever demanded of the bailee.

III.   There is no departure in the replication from any material allegation of the complaint.   (1 Chitty's Pl. 685.)

IV.   Defendant's delivering the order for the rice to the broker with a request to return it to plaintiff, was not a cancellation of the contract of sale.   The broker's functions, as such, were previously ended, and *pro hac vice* the defendant made him his own exclusive agent.

*H. G. Worthington,* for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover the price of a quantity of rice alleged to have been sold and delivered by the plaintiff to the defendant. The defendant recovered a judgment of nonsuit, from which the plaintiff appeals.   The pleadings are under oath, and the plaintiff moved for judgment on the pleadings, which was overruled, and this is assigned as error.   The first part of the answer is clearly insufficient, as it denies the allegations of the complaint in the con-

junctive ; but in a subsequent portion of the answer the defendant distinctly denies that the plaintiff ever delivered the rice in accordance with the contract, and this is sufficient to raise an issue, and the Court, therefore, properly overruled the motion.

It appears from the pleadings and evidence that the sale of the rice was made through a broker in the City of San Francisco ; that at the time of the sale the rice was in a warehouse in Stockton ; that the defendant accepted and received an order drawn by the plaintiff on the warehouseman for the delivery of the rice to the defendant ; that he never presented the order to the warehouseman, but, three days after the sale, took the order to the broker, told him that he could not take the rice, because there were only sixty mats of the two hundred sold that were fit to be delivered, and gave the order to him to return to the plaintiff ; the broker took the order to the plaintiff, who refused to receive it, and thereupon, on the same day, he took it back to the defendant, who refused to receive it back. It appears that the rice was in the warehouse at Stockton, in good condition, and ready to be delivered upon presentation of the order. This is the substance of the plaintiff's evidence. After he had closed his testimony, the defendant moved for a nonsuit, on the ground, first, because there was a departure in pleading on the part of the plaintiff, as his complaint averred a sale and delivery of the rice at San Francisco, and the replication averred that at the time of the sale the rice was at Stockton ; second, because there was no delivery of the rice by the plaintiff to the defendant ; third, that the contract of sale was rescinded by the broker taking the order of delivery from the defendant. The Court sustained the motion for a nonsuit, and this is assigned as error.

The first ground of defendant's motion is untenable. There is no substantial variance between the complaint and the replication. The second ground is equally invalid. As between the parties the delivery of the order to the defendant, on the warehouseman, who had the goods in store, was clearly sufficient to pass the title to the goods to him, and rendered him liable to pay the price. (Story on Sales, Secs. 312, 314 ; *Horr* v. *Barber*, 8 Cal. 614 ; *Clark* v. *Rush*, 19 Id. 396.) The third ground is also untenable. In

placing the order in the hands of the broker to deliver to the plaintiff, the defendant constituted him his agent for that purpose. He was not the agent of the plaintiff to receive the order, and when he presented the order to the plaintiff he refused to receive it, and these facts did not constitute any rescission of the contract. The Court, therefore, erred in granting the nonsuit.

The judgment is therefore reversed, and the cause remanded for a new trial.