[Civ. No. 1474.   First Appellate District.—March 30, 1915.]

## LEWIS–SIMAS–JONES COMPANY, Respondent, v. C. KEE & CO. et al., Appellants.

APPEALS—APPEAL FROM JUDGMENT—AFFIRMANCE.—Where an appeal from a judgment, which rests upon the judgment-roll alone, is not perfected within sixty days after notice of entry of judgment, and it is admitted that the judgment-roll is sufficient to support the judgment, the judgment must be affirmed.

ID.—CONTRACTS—SALE OF POTATOES—SYMBOLICAL DELIVERY—STATUTE OF FRAUDS.—The execution and delivery to the purchaser by the owner of written orders for several lots of potatoes sold, and receipt and acceptance of such orders by the purchaser, constitutes such a symbolical delivery, receipt, and acceptance of the potatoes as to satisfy the statute of frauds.

ID.—WAREHOUSE RECEIPTS ACT—CONSTRUCTION OF.—There is nowhere expressed in the "Warehouse Receipts Act" (Stats. 1909, p. 437) an intention to require a departure from the rule laid down in the early cases and remaining unchanged up to the time of its passage, making the written order of a depositor of goods in a warehouse, upon which there has been issued a non-negotiable receipt, sufficient to pass, by its delivery, receipt, and acceptance, the title and symbolical possession of personal property not capable of manual delivery so as to satisfy the statute of frauds, and entitle the seller to recover from the buyer its purchase price.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Charles W. Slack, Chauncey S. Goodrich, and Johnson & Shaw, for Appellants.

Fred L. Dreher, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff and from an order denying the defendants' motion for a new trial.

The appeal from the judgment not having been perfected within sixty days after notice of entry of judgment, rests upon the judgment-roll alone; and this being admittedly suf-

ficient to support the judgment it follows that the judgment must be affirmed.

Upon the appeal from the order denying a new trial the appellants urge that the evidence is not sufficient to support the findings of the court as to the delivery to, and receipt and acceptance by, the defendants of the goods for the purchase price of which this action is brought.

The proofs in this case upon which the findings of the court are predicated are substantially these: The plaintiff was on March 18, 1912, the owner of three certain lots of potatoes which were stored in a public warehouse in San Francisco, and were there segregated and set apart in certain stalls and designated with certain identifying numbers and marks, and for which potatoes the warehouseman has issued to the plaintiff non-negotiable receipts, which were held by it at the time of the following transaction. On said day the defendant C. Kee, who was doing business under the name of C. Kee & Co., came to the salesman of plaintiff with a request for the purchase of potatoes, whereupon he was taken by the latter to the warehouse, and shown the several lots of potatoes of the plaintiff there, of which he made a thorough examination in the presence of the agent of the plaintiff and the warehouse employees; after which offers and counter-offers were made, which resulted in the defendant Kee finally consenting to the price and agreeing to take the entire three lots of potatoes; whereupon three written orders were made out by the salesman of plaintiff, designating each of these three lots of potatoes by number of sacks, number of stall, and other identifying marks, and also stating the prices; which orders were directed to the warehouseman, signed by the name of the plaintiff with the initials of its salesman, and were then and there delivered to, received, and accepted, and carried away by said Kee. The potatoes were charged to the defendants' account with the plaintiff in the usual manner. A day or two thereafter the defendant Kee came back to plaintiff's salesman, and claimed that his partner was not satisfied with the potatoes, and that he did not want them, and he then tried to return the orders, which the salesman refused to receive, telling him that the potatoes had been sold and charged to him and that the seller could not take them back. The defendant Kee left the receipt upon a weigher's desk in the office of the plaintiff and went away. There was no showing

that the defendant ever presented these orders to the ware-houseman, or that the latter or any other person had any lien or claim upon the potatoes which would have interfered in any way with their actual and immediate delivery to the defendant Kee upon the presentation of such orders. The defendant Kee having refused to pay for the potatoes, the plaintiff brought this action for their purchase price.

The only legal question presented upon this appeal is the question as to whether the execution and delivery by the plaintiff of the aforesaid written orders for the several lots of potatoes sold to the defendant Kee, and the receipt and acceptance of such orders by him, constituted such a symbolical delivery, receipt, and acceptance of the potatoes in question as would satisfy the statute of frauds.

It is conceded that these several lots of potatoes were all of such size and quantity as to bring them within the rule permitting their symbolical delivery; and it also seems to be conceded by the appellant that had the plaintiff transferred to the appellant its warehouse receipts for this property, and had the defendant received and carried these away with him as he had the written orders, the symbolical delivery, acceptance and receipt of these potatoes would have been such as to satisfy the statute of frauds. The appellant, however, contends that under the so-called "Warehouse Receipts Act," passed and approved by the legislature on March 19, 1909 (Stats. 1909, p. 437), the transfer of the plaintiff's warehouse receipts for these several lots of potatoes was essential to accomplish the delivery, receipt, and acceptance of the property by the defendant in order to satisfy the statute. Prior to the passage of this act upon which the appellant thus relies, the supreme court had decided in a number of cases, commencing quite early in our judicial history, that the execution and delivery of a written order for personal property not susceptible of manual delivery to a buyer, and the receipt and acceptance of such order by him, was sufficient to constitute such a delivery, receipt, and acceptance of the property as to perfect its sale. (*Ghirardelli* v. *McDermott,* 22 Cal. 539; *Goldstone* v. *Merchants etc. Co.,* 123 Cal. 625, [56 Pac. 776].) The case last above cited was decided in the year 1899, at which time there was in existence a statute, the fore-runner of the present Warehouse Receipts Act, and which had been enacted by the legislature in the year 1878 (Stats.

1877-78, p. 949). The court in its decision called attention to the distinction drawn in that act between negotiable and non-negotiable warehouse receipts in relation to the passage of title to property susceptible of symbolical delivery, holding that in cases where the outstanding warehouse receipt for such property was a non-negotiable receipt the delivery of such receipt by the seller was not essential; but that his written order upon the warehouseman would suffice, if received and accepted by the purchaser, to pass title to the property. The statute of 1878 seems to have been carried in substance into the Civil Code, and to have formed the basis of sections 1858 to 1858f adopted in the year 1905, and in which the same distinction between negotiable and non-negotiable receipts as to the necessity of the delivery of either upon the sale of personal property in storage, appears to have been preserved; for section 1858d of the Civil Code as then enacted reads as follows: "If a non-negotiable receipt is issued for any property neither the person issuing, nor any other person in whose care or control the property comes, must deliver any part thereof *except upon the written order of the person to whom the receipt was issued.*" The present "Warehouse Receipts Act" was passed in 1909. A careful reading of this act will show that it was intended to deal chiefly with the relation between warehousemen and their depositors. Section 9 of that act appears to preserve the distinction recognized in the earlier decisions and statutes between negotiable and non-negotiable warehouse receipts, for it provides that a warehouseman is justified in delivering the goods in his keeping to "a person who is either himself entitled to delivery by the terms of a non-negotiable receipt issued for the goods, or who has written authority from the person so entitled, either indorsed upon the receipt *or written upon another paper;* or a person who is in possession of a negotiable receipt." (Stats. 1909, p. 438.) Upon the reading of the entire act we do not find that there is anywhere expressed in it an intention to require a departure from the rule laid down in the earlier cases and remaining unchanged up to the time of its passage, making the written order of a depositor of goods in a warehouse, upon which there has been issued a non-negotiable receipt, sufficient to pass, by its delivery, receipt, and acceptance, the title and symbolical possession of personal property not capable of manual deliv-

ery so as to satisfy the statute of frauds, and entitled the seller to recover from the buyer its purchase price.

This being our conclusion, it follows that the evidence in the case at bar must be held to have been sufficient to sustain the findings of the court in plaintiff's favor; and hence that the order denying a new trial should also be affirmed.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 27, 1915.